THOMAS CLAUSEN, NEXT FRIEND AND GUARDIAN, v. ELVINE JONES.

Delivered March 8, 1898.

1. **Pleading—Life Insurance.**

An averment of the ill-treatment of the interveners by the plaintiff, in a plea of intervention which seeks to engraft a parol trust upon a policy of life insurance, payable by its terms to the plaintiff, in favor of the children of the insured (plaintiff's step-children) is irrelevant, where, according to the plea, the trust only authorized the plaintiff to collect the proceeds of the policy, and does not aver that it gave her the control and disbursement of the children's share.

2. **Charge of Court Upon Weight of Evidence.**

A charge based solely upon the testimony of one witness as to the matter in issue, and wholly ignoring the conflicting testimony of another witness, is upon the weight of evidence, and improper.

3. **Charge of Court—Issue Omitted—Benefit Insurance.**

A charge that the step-mother's right to the custody of the children, and their claim to a share of the funds derived from the benefit certificate in suit are separate and distinct issues, or some charge of similar import, should be given upon request in the trial of an issue as to the existence of a parol trust in favor of the children in part of the proceeds of a benefit certificate upon their deceased father's life, payable to the step-mother, where there is evidence that it was the father's wish and expectation that the children should remain with their step-mother, and since his death a probate court has confided their custody to another because of their ill-treatment by the step-mother.

APPEAL from Galveston. Tried below before Hon. W. H. STEWART.

*John C. Walker,* for appellant.

*Labatt & Labatt* and *James B. & Charles J. Stubbs,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—William Jones, who died in September, 1896, was insured in the order of the Knights of Pythias, and at his death held a benefit certificate by virtue of such insurance for the sum of $3000, payable upon his death to his wife, Elvine Jones. This benefit certificate was one which Jones had procured from the order in lieu of one previously issued to him, and which was surrendered by him, and canceled by the supreme lodge when the second certificate was issued. The first certificate was made payable to his wife, the appellee, and to his children by a former marriage, and who are the appellants, one thousand dollars to the wife, and two thousand dollars to the children. Upon the death of Jones, Thomas Clausen, who is the grandfather of the appellants, as their next friend, advised the Supreme Lodge of the Knights of Pythias that the appellants were entitled to a part of the insurance due upon the certificate which was payable to appellee, and forbade the pay-

ment of the certificate to her. The order, upon receipt of notice, declined to pay over the money to Mrs. Jones, and she brought suit against it to recover the same. The defendant, the Supreme Lodge of the Knights of Pythias, appeared and declared its readiness to pay the amount of the certificate to whom it belonged, and tendered the money due upon the certificate into court, and prayed the protection of the court; and the minor children of the deceased, Anna H. E. Jones, Mary C. J. Jones, and Gussie D. A. Jones, by their next friend and guardian of their persons, intervened and alleged that they were entitled to two-thirds of the $3000 claimed by the plaintiff; that their father held a certificate for $3000 issued to him by the defendant, from January, 1895, until his death, and that in the latter part of the year 1895, about December 26, their father, the said William Jones, became desirous of changing the form, but not the substance, of said certificate; and to avoid legal complications in the collection of the insurance after his death, and for other reasons, he changed the certificate in form to make it payable to Elvine Jones, the plaintiff; and the certificate thus changed and issued in lieu of the one issued in January, 1895, is now in the possession of the said Elvine Jones, who wrongfully claims the whole of the insurance money due upon the said certificate, when in fact she is only entitled to one-third of the same; that their father did not intend, by making the certificate payable alone to his wife, the said Elvine, to vest her with any greater interest in the proceeds of said certificate than she was vested with by the first certificate issued in January, 1895; and that she is only entitled to the amount originally specified in said benefit certificate, to wit, one thousand dollars; that it was the intention of the said William Jones to engraft, and that he did engraft, a parol trust upon said certificate in favor of his children, the interveners; and that such trust was to the extent, and no further, of making his wife, the said Elvine, to collect the insurance, and that the right and property of interveners to and in said certificate, to the extent of two-thirds of the proceeds thereof, remains unaffected by changing the form of the certificate in the manner above shown; and that interveners are of right entitled to two thousand dollars of the insurance money guaranteed by said certificate. The interveners averred further, that the said William Jones made frequent statements as to their interest in said certificate, alleging that the change which he had made in his policy of insurance was made only to create a trust to enable his wife to collect the proceeds of the certificate, and that his children, the interveners, upon his death would be entitled to two thousand dollars and his wife to one thousand dollars. The interveners made further averments to the effect that Elvine Jones, the plaintiff, was not their mother; has no legal custody or control of them; that she is insolvent; and from her former treatment of them, they fear if she receives the $2000 to which they are entitled, she will refuse to pay the same over to the guardian of interveners; and they therefore insist that she is unfit to execute the trust engrafted upon said policy by their father; and the petition concludes

with prayer that they have judgment for $2000 of the proceeds of the certificate, paid into court by the defendant, the Supreme Lodge of the Knights of Pythias, and that the plaintiff have judgment for $1000 only of said moneys, and that interveners recover their costs of the plaintiff.

To this petition plaintiff filed a supplemental petition, which contained several exceptions to the intervener's petition, which were overruled; and in addition to the exceptions the plaintiff denied the averments of the interveners' petition, and specifically denied that William Jones in his life time ever created or engrafted a parol trust upon said benefit certificate, but if she should be mistaken as to this, she declared her willingness to execute the trust, and she averred there is no just cause shown in said amended petition of interveners, why she should not continue as trustee, if a trust be declared. In reply to this supplemental petition, interveners filed a trial amendment, in which they charged that plaintiff well knew of such parol trust, and that the said William Jones never vested her with more than one-third interest in the benefit certificate; and that he frequently declared, in the presence of the plaintiff, that she would have one-third, and his children, the interveners, two-thirds of the proceeds of said certificate; and the interveners further alleged and charged that the plaintiff should not be permitted to collect said moneys for the following reasons, in addition to those alleged in their amended petition: that she has always been hostile to interveners, claiming the whole of said fund as her own, and denying their right to any part of the same; that she is unsuitable to act for them by reason of her harsh and cruel treatment of interveners heretofore, when under her control; charging that she had not sufficiently provided them with food and clothing; that she hired out one of them and appropriated her wages to the use of herself, and that she had beaten said interveners, and otherwise cruelly treated them.

Upon trial of the cause verdict and judgment were rendered for the plaintiff, and the interveners applied to this court; and, among others which it will not be necessary to notice, assign the following errors: (1) "The court erred in its ruling ordering stricken out that part of the trial amendment of interveners filed May 4, 1897, which set out the ill treatment of said minors and the hostility of Elvine Jones to them. Said order stigmatizing said matter in the amendment as slanderous, when in fact said allegations were not slanderous; that such voluntary order entered by the court and read in the presence of the court was improper, and the said matter ordered stricken out was material as ground for removing Mrs. Elvine Jones from the trust alleged to have been vested in her respecting the money to be collected from the Knights of Pythias." The interveners distinctly averred that the parol trust created and engrafted by William Jones upon the benefit certificate was power given the plaintiff to collect the whole amount of the insurance secured by the benefit certificate, and nothing more. This being the extent of the trust confided to her, we can not see that Mrs. Jones' conduct towards the children was relevant or pertinent to the issue joined

between the parties. Mrs. Jones denies the existence of a trust, and
the interveners averred that the trust only authorized her to collect the
whole of the money. Had it been averred by either party that there
was a trust, and the trust included the control and disbursement of the
children's share of the funds, it would then doubtless have been per-
tinent and material to show cruelty and hostility on her part towards
the children, as a ground for restraining her from the execution of the
trust, and appointing another trustee. The assignment, therefore, is
not well taken in our opinion.

The second assignment is: The court erred in the charge to the jury,
because the charge was upon the weight of evidence and contrary to the
issues made by the pleadings and the evidence, in that the court charged
as follows: "In case you find for the plaintiff, etc., the form of the ver-
dict may be substantially as follows: 'We the jury find for the plaintiff
Elvine Jones the sum of $1500, and for the three intervening children,
Anna H. E. Jones, Mary C. J. Jones, and Gussie D. A. Jones, the sum
of $500 each,' when the petition alleged that the children were entitled
to $2000 by the terms of the trust created by William Jones, and the
evidence of Frank Jones was directly that William Jones in his lifetime,
stated to him that $2000 was for said three children and $1000 for his
wife; and the court in effect instructed the jury not to consider the
evidence of Frank H. Jones."

This assignment, we think, should be sustained. The charge is ob-
jectionable and as such prejudicial to the interveners, as it restricted the
jury in their inquiry as to the amount, if any, to which the interveners
were entitled, to the testimony of the witness Olsen; and in effect told
the jury they could not find for the interveners more than $1500; while
if the testimony of the witness Jones, the brother of the deceased, was
credited by the jury, they might have found for $2000. Such an instruc-
tion is clearly upon the weight of the evidence. Two witnesses testify
as to the matter in issue, and their testimony is conflicting, and the
court instructs the jury, making the testimony of one of the witnesses
the base of its instruction, and ignores the testimony of the other in toto.

The fourth error assigned is to the refusal of the court to give a re-
quested charge, asked by interveners, which is, in substance, that William
Jones had the power to direct in express terms that his children should
share in the proceeds of his benefit certificate, provided he plainly desig-
nated the funds to be shared, and the persons who should partake of the
funds, and the amount or proportion which the persons entitled should
respectively receive. The testimony of the witness Frank H. Jones
tended to establish the issue distinctly made by the pleadings, the inter-
veners affirming and the plaintiff denying, whether or not William Jones
designated his children and his wife as the beneficiaries of the benefit
certificate, with the declaration that his wife should receive one-third
and the children two-thirds. The interveners had the right to have
this issue distinctly submitted to the jury. This was not done by the
court's charge, and we think the charge requested should have been

given. The next assignment is to the refusal of the court to give a charge requested by the interveners, which is, in substance, that the right of the plaintiff to the custody of the children, and their claim to a share of the moneys derived from the benefit certificate, were separate and distinct issues. This charge, or one of similar purport, should also have been given, we think. Mrs. Jones, while denying that the interveners had any property in the proceeds of the benefit certificate, testified that she had promised her husband that she would keep his children, and care for and provide for them out of the funds she would receive upon his death from the certificate. The court had given the custody of the children to their grandfather, and he could not be deprived of that custody by Mrs. Jones; and if it was true, as alleged by interveners, that their father gave them a share in the funds received from the benefit certificate, though it was his expectation and wish that the children should remain with their stepmother and be subject to her control, the fact that they had been taken by decree of the probate court from the custody of Mrs. Jones could not destroy their right in the funds or defeat their recovery of their share thereof. And this, we think, it was proper for the jury to know.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*