## Schomaker, Appellant, v. Schwebel.

*Beneficial associations—Beneficiary—Change of beneficiary—Trust and trustees.*

Where the by-laws of a beneficial association provide that a beneficiary named in a certificate may be changed upon the performance of certain formalities, and a member who has designated his mother as beneficiary dies without having made any change in the certificate, but on his death-bed directed his mother to give the death benefits to his two sisters, and the mother immediately upon the receipt of the check of the association for the death benefits indorses it over to his sisters, an assignee in bankruptcy of the mother, who was bankrupt at the time of the death of her son, cannot compel the sisters to pay over the money to him.

Argued Oct. 30, 1902. Appeal, No. 106, Oct. T., 1902, by

plaintiff, from decree of C. P. No. 3, Allegheny Co., Feb. T., 1901, No. 9, dismissing bill in equity in case of Fred. W. Schomaker, Trustee of Rosa Schwebel, Bankrupt, v. Anna Schwebel and Mary Schwebel.   Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Bill in equity for an account and for discovery.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was decree dismissing the bill.

*W. A. Way,* with him *W. H. Lemon,* for appellant.—William A. Schwebel had no property in this case which he could legally dispose of: Olmstead v. Masonic Mut. Ben. Society, 37 Kansas, 93 (14 Pac. Repr. 449).

If the by-laws designate a specific mode for change of beneficiary, an attempt by the member to dispose of the fund by will is ineffectual: Holland v. Taylor, 111 Ind. 121 (12 N. E. Repr. 116); Brown v. Higgs, 8 Ves. 561.

The constitution and by-laws of the association provided a mode by which her (the beneficiary's) right to this beneficial fund could be divested, but in order to so divest it that mode must be strictly followed: Holland v. Taylor, 111 Ind. 121 (12 N. E. Repr. 116) ; Hotel Men's Mut. Ben. Assn. v. Brown, 33 Fed. Repr. 11.

It is abundantly established in Pennsylvania that the form for change of beneficiary prescribed by the by-laws must be strictly followed: Vollman's Appeal, 92 Pa. 50; Roesch's Appeal, 15 P. L. J. (N. S.) 168; National Mutual Aid Society v. Lupold, 101 Pa. 111; Haigh v. Mentor Council, 17 Phila. 71; Jinks v. Banner Lodge, 139 Pa. 414; Masonic Mut. Assn. v. Jones, 154 Pa. 107; Fisk v. Equitable Aid Union, 20 W. N. C. 290 ; Thompson v. Adams, 7 W. N. C. 281.

It is submitted that cases like Hoffner's Estate, 161 Pa. 331, and McAuley's Estate, 184 Pa. 124, have no application. These are cases where the original donor had full and free control over his property.

*Lewis McMullen,* with him *C. C. Dickey,* for appellees.—A trust when accepted by the trustee is the carrying out the direc-

tions of another exercising the right of disposal of that which he controls. Therefore when Rosa Schwebel, in accordance with her solemn promise made to William Schwebel, carried out his directions as to the proceeds of his benefit certificate of which he had the sole right of disposal, she executed a trust beyond all question.

It is well settled that a devise made under a parol promise or agreement that the devisee will hold the land in trust for another creates a valid trust: McKee v. Jones, 6 Pa. 425; Hoge v. Hoge, 1 Watts, 163; Church v. Ruland, 64 Pa. 432; Socher's Appeal, 104 Pa. 609; Devenish v. Baines, Finch, Prec. Ch. 3; Williams v. Vreeland, 29 N. J. Eq. 417; Reech v. Kennigate, Ambler, 67.

OPINION BY MR. JUSTICE DEAN, January 5, 1903:

William A. Schwebel was a member of the Catholic Benevolent Legion, a beneficial society, and held a benefit certificate in the society payable at his death in the amount of $3,000 in which his mother, Rosa Schwebel, was named as beneficiary. The son died on January 26, 1900. The by-laws of the society provided as follows:

"A member in good standing may at any time surrender his benefit certificate to the secretary of his council for change of beneficiary, and have a new one issued payable to such beneficiary or beneficiaries as he may direct, as provided in the foregoing section, upon the payment of a certificate fee of fifty cents. The right to receive the benefit will vest in the new beneficiary or beneficiaries named in this application so soon as indorsed over his signature on the benefit certificate, duly attested by two witnesses, one of whom must be a member of the Legion."

Two or three weeks before his death, he then being in bed in his last sickness, directed his mother to give the proceeds of his certificate to his two sisters Anna and Mary Schwebel to which the mother assented, this in the presence of witnesses. No change having been made on the books of the association in the name of the beneficiary, the association fourteen days after his death sent a check for the $3,000 to the mother who on receipt of same immediately indorsed it over to the two sisters as she had promised her son to do. They drew the money on the check and have had possession of it since. A few hours

before his death the son stated to a member of the association that he had made provision for his two sisters. Rosa Schwebel the mother at the time of the promise of her son to the sisters was largely indebted and insolvent. An assignee in bankruptcy under the bankruptcy act has possession of her estate. The court below, on these facts was of opinion that the mother by the agreement with her son was a mere trustee or depositary for the sisters, and on a bill by appellant, the assignee in bankruptcy, against the sisters, dismissed the bill and we have this appeal by him.

The beneficiary named in the certificate, the mother, was a mere volunteer; she had paid no dues nor had any consideration passed from her to the son; both he and she knew he had a right to change the beneficiary at any time with or without her consent. The legal title to the benefit however, remained in her so long as her name remained on the face of the certificate, and the association could pay to her without peril from adverse claims as long as no formal change such as described in the by-laws had been made in the certificate or on the books. But as between the member and holder of the certificate the relation was an entirely different one. In law and in fact she was a beneficiary at will of the member; if he died without signifying his desire to make a change in the donee of his bounty she took the benefit; but if under the rules of the society he had changed the name, to that of another, the society must pay to that other; if she assented to a change without the formality required by the by-laws, she became a mere dry trustee for the new beneficiary; when she received the money she had but a single duty to perform, that is, to hand it over to the new beneficiary to whom she agreed it should be paid. The obligation on her to pay over to the sisters was both a legal and moral one, just as much so, as if he on his deathbed had handed her $3,000 in cash and directed her to pay it to his sisters and she had promised to do so. And this is in substance our decision in R. R. Co. v. Wolf, a case argued at Philadelphia last term and not yet reported. If this were a claim on the society by the sisters for the money under the oral promise of the mother, the society would be protected by its by-laws in resisting the claim; it might insist on recognizing only the legal claim of the mother whose name was on the face of the certificate; but the mother makes no claim, she has already

paid to the sisters ; a third party, the assignee in bankruptcy of the mother, demands that it be paid by the sisters to him ; that is, the mother's creditors claim the money. To give this claim any foundation there must have been a property right in the mother of which she divested herself in fraud of her creditors by payment to the sisters. What property had she in the certificate or the money payable on it? Any claim she might have made depended on two contingencies, first, that the son in his lifetime make no change in the beneficiary, and second, his death. As long as the son lived the mother could assert no claim ; before death occurred, he had deprived her of all claim by making his sisters the beneficiaries which he had a right to do regardless of his mother's financial condition. The creditors, therefore, have no claim because they have lost nothing. All the authorities cited by appellant, ruling, that to constitute a valid transfer of a certificate in a benefit association the forms prescribed by the by-laws must be observed, have no application to these facts. This is not a contest of the society with the sisters as claimants, nor with the mother, the nominee in the certificate ; the society paid to the mother as it had a right to do, but she under oral promise to the son received the money as trustee for his sisters and has faithfully performed her trust. The creditors had no claim while the son was living ; his death did not revoke the trust assumed by his mother but only confirmed it.

The decree of the court below is affirmed.