## RAPE v. GARDNER.

### No. 1007.

Court of Civil Appeals of Texas. Eastland.
Oct. 28, 1932.

Rehearing Denied Nov. 25, 1932.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellant.

York & Camp, of Abilene, for appellee.

HICKMAN, C. J.

■ Appellee instituted this suit against appellant for damages for an alleged breach by her of her agreement to carry out her husband's instructions to pay a debt created by him during his lifetime in favor of appellee out of the proceeds of insurance policies on his life when collection was made by her upon such policies. Trial below resulted in a judgment in favor of appellee against appellant as prayed for. The case was tried before the court without a jury, and no conclusions of fact and law accompany the record. The evidence upon the trial was sharply conflicting, but it is our duty, in support of the trial court's judgment, to resolve all conflicts in favor of appellee. The evidence offered in his behalf, disregarding conflicts, would support the following findings of fact:

Appellant is the surviving widow of the late P. E. Rape, and appellee is a practicing physician and surgeon at Merkel, Taylor county. For many months before the death of appellant's husband he suffered from an incurable malady, and during a portion of that time appellee rendered him professional services to alleviate his suffering. After the deceased's account with appellee had grown to be more than $100, appellee called on deceased for payment of his bill; whereupon he was informed by deceased that he was unable to pay same, but that he was carrying life insurance policies in which appellant was named as the beneficiary, and that he wanted appellee to continue to treat him in the future and wanted appellant to pay him for such services thereafter to be rendered, as well as for the services theretofore rendered, out of the proceeds of such insurance policies. Appellant agreed to this arrangement and promised deceased and appellee to pay for such services, both past and future, out of the proceeds of the insurance policies when collected by her. Upon the faith of these promises by the beneficiary, made at the request of the insured, appellee agreed to continue to render professional services in the future, and did, in fact, thereafter render such services of the value of approximately $250 in addition to those theretofore rendered.

At the time this arrangement was entered into, and at the time of the death of appellant's husband, there were three policies, or certificates, of insurance upon his life, aggregating $3,500. One of these policies was introduced in evidence. It was a benefit certificate in a local mutual aid association with home office at Abilene. Upon this certificate appellant collected $1,500 after the death of her husband. It was provided in the certificate that the same was issued subject to the constitution and by-laws of the association, and the by-laws provided that a member, upon written request and the payment of a fee of 50 cents, could change the beneficiary named therein, and also provided that the

payment of death benefits could be made to a creditor.

■ The sole question presented for our decision is, Was a trust created by the foregoing transaction for a breach of which appellant should be held liable? An investigation of the authorities leads us to the conclusion that there was. It is a well-established rule that an oral promise by a beneficiary in a life insurance contract or benefit certificate to pay the proceeds of such policy or certificate, or a portion thereof, to a third person, creates a valid and enforceable trust. 39 Cyc. p. 73; 26 R. C. L. p. 1194, § 30; Lashley v. Lashley, 212 Ala. 255, 102 So. 229; Coyne v. Supreme Conclave, 106 Md. 54, 66 A. 704, 14 Ann. Cas. 870; Crews v. Crews' Adm'r, 113 Ky. 152, 67 S. W. 276; Hirsh v. Auer, 146 N. Y. 13, 40 N. E. 397, 398; Kerr v. Crane, 212 Mass. 224, 98 N. E. 783, 40 L. R. A. (N. S.) 662; Bloodgood v. Mass. Benev. Ass'n, 19 Misc. 460, 44 N. Y. S. 563; Steller v. Sell, 55 N. J. Eq. 530, 37 A. 1010; Schomaker v. Schwebel, 204 Pa. 470, 54 A. 337; Waterhouse v. Waterhouse, 29 R. I. 485, 72 A. 642, 22 L. R. A. (N. S.) 639; In re Danville Hotel Co. (D. C.) 33 F.(2d) 162, 175. The decisions in our own state are in harmony with the above. Clausen v. Jones, 18 Tex. Civ. App. 376, 45 S. W. 183; Mellville v. Wickham (Tex. Civ. App.) 169 S. W. 1123.

Appellant relies upon the case of Fisher v. Donovan, 57 Neb. 361, 77 N. W. 778, 44 L. R. A. 383, in which a distinction seems to have been made because of the fact that the certificate there involved was issued by a fraternal beneficiary society. We confess some difficulty in properly analyzing that decision. The facts fail to establish any promise by the beneficiary to pay the debts of the insured out of the proceeds of the certificate. The insured merely stated to his wife: "I want you to pay my debts. Will you do it?" To which she responded, "Yes." Clearly this evidenced no attempt to create a trust, for there was no promise to pay out of the proceeds of the insurance certificate. But the opinion seems not to be based upon this reason, but rather upon the theory that the insured did not have such an interest in the certificate as that he could impress a trust upon the proceeds thereof. In so holding, the decision is in conflict with many of the cases above cited. We do not understand how any distinction in principle could be drawn between a benefit certificate issued by a fraternal beneficiary society, a certificate issued by a mutual aid association, and an ordinary life insurance policy, with respect to the power of the insured and the beneficiary to constitute such beneficiary a trustee for the benefit of a third person when and if proceeds are realized from the certificate or policy. In each case the trust deals with a contingent interest, and, as pointed out in Hirsh v. Auer, supra: "The fact that the trust dealt with a

contingent interest of the insured in the certificate of insurance is of no moment. That interest became vested at the death of the insured, and, the beneficiary having collected the insurance money, the trust, under the agreement creating and acknowledging it, attached to the fund. A trust of this character is not to be distinguished from assignments of contingent interests, which courts of equity recognize as valid."

It is our opinion that the facts in the instant case bring it well within the rule established and applied by the authorities above cited, and the judgment of the trial court will accordingly be affirmed.