Hornfäger and others agt. Hornfager.

---

## SUPREME COURT.

### HORNFAGER and others agt. HORNFAGER and HORNFAGER.

### THE SAME agt. HORNFAGER AND OTHERS.

An amended complaint alleging matters which occurred subsequent to the service of the original, is irregular, and may be set aside on motion; or the new subsequent matter may be stricken out.

*It seems*, that but one set of papers, one rule and the costs of one motion only, will be allowed in two causes, where the object of the motions are alike in both, and made at the same time.

*Columbia Special Term, January* 1850. Motion by the defendants to set aside the amended complaint in each of these actions, on the ground that matters are alleged therein which had occurred after the service of the original complaint, or, in

case such amended complaints are not set aside, that the matters arising after the service of the original complaints, and inserted in the amended complaints, be stricken out. The actions are brought for the partition of lands. The original complaints were served on the defendants' attorney on the 21st of September 1850. On the 18th of December following, and after the defendants in each action had put in their answers, the plaintiffs' attorney served amended complaints in each action, stating among other things, by way of amendment, that " one of the plaintiffs, Wm. C. Hornfager, on or about the 28th day of October 1850, conveyed by deed, to one Jonathan S. Ely, all his right, title and interest in the premises described in the complaint, and that by virtue of such conveyance the said Jonathan S. Ely became entitled to one equal undivided fourth part of the premises. Ely was not made a party to the actions.

H. HOGEBOOM, *for Plaintiffs.*

J. C NEWKIRK, *for Defendants.*

HARRIS, Justice.—Amendments to a pleading can only relate, properly, to the time when the original pleading was made, and can only state facts in existence at that time. To introduce matters occurring at a subsequent date, would render the record incongruous. Such matters should be brought before the court by a supplemental pleading (1 *Barb. Ch Pr.* 207; 2 *do.* 63, 64). In this case the interest of the plaintiff William C. Hornfager, having been transferred to Ely after the original complaints had been served, the remaining plaintiffs should have applied, under the 177th section of the Code, for leave to make a supplemental complaint, making Ely a plaintiff or defendant in the actions, instead of William C. Hornfager. In that case the court might, under the authority contained in the last clause of the 121st section, substitute Ely as a party in the place of his grantor. The amendments, therefore, so far at least as they seek to bring forward this new matter are clearly irregular. The amended complaints might properly be set aside, but as there may be other matters in the amendments which may properly be the subject

of amendment, it is perhaps better, and will subserve the defend-
ants' purpose equally- well, to strike out of the amended com-
plaints all statements of facts which have arisen since the original
complaint was made. This result renders it unnecessary to con-
sider the other questions which were discussed by counsel upon
the argument. But one set of papers and one motion was ne-
cessary. But one rule upon this decision is to be entered in both
actions. The defendants are to be entitled to the costs of one
motion only. A clause may be inserted in the rule allowing
the defendants twenty days further time to answer the amended
complaints.