## McCASLAN v. LATIMER.

Allegations of facts occurring since the commencement of the action and of facts not then known to the plaintiff can be brought before the court by supplemental complaint only; and it is error of law to permit them to be incorporated as amendments into the original complaint.

Before Fraser, J., Abbeville, November, 1881.

This action was commenced and the complaint filed June 23, 1881, by James McCaslan and several others, residents and taxpayers of certain townships of Abbeville county, suing in behalf of themselves and of all others who have a common interest, against James M. Latimer and others, claiming to be president and directors of the Savannah Valley Railroad Company, and against J. Wardlaw Perrin as treasurer of Abbeville county.

The complaint alleged the incorporation of the company (16 *Stat.* 435), and the subscription of certain townships of Abbeville county, payable in three instalments, of which one had been paid and the second was about to be enforced by the said county treasurer; that some of the plaintiffs had voted for this subscription; that the company had not been properly organized and the subscribing townships not properly represented; that the annual meeting prescribed by the charter had not been called, and the defendants now exercising the functions of officers have continued themselves in office; that an amended charter (17 *Stat.* 418), changing the location of the road and otherwise affecting its interests, had been obtained from the legislature by defendants, but had never been assented to or adopted at any meeting of the stockholders, but defendants were now proceeding to act and expend money under the terms of this amendment. The complaint alleged other irregularities and illegalities. The judgment prayed was an injunction restraining the defendants from acting as officers, or expending the money received from the subscribing townships, and the county treasurer from collecting further instalments, and that the townships be discharged from their payment.

On June 24, 1881, the plaintiffs procured an order from Judge Hudson requiring the defendants to show cause at Greenville, on July 12, why an injunction should not be granted. Defendants on that day served their answer (which does not appear in the brief) and "the cause was heard by Judge Hudson on the rule." He filed his decree July 22, in which he fully discussed the merits of the case, and thought

the plaintiffs had failed to make out any grounds for an injunction, and held the return sufficient, and denied the motion for preliminary injunction with costs.

In October plaintiffs gave notice that, at the next ensuing term of court in Abbeville, they would move for leave to amend the complaint in several particulars. which were substantially as follows :

1. That the subscription of the townships had not been made and certified as required by the charter.

2. That plaintiffs paid their first instalment under a mistake of fact, supposing that the subscription had been duly made.

3. That the amendment to the charter had been requested · by a convention of so-called stockholders in November, 1879.

4. That at a convention of so-called stockholders held June 30, 1881, James M. Latimer had informed them that the amendment to the charter was not accomplished until the session of the general assembly in 1880.

5. That said convention adopted a resolution declaring it inexpedient to elect officers, and requesting those in office to hold over until the next annual meeting.

6. That no election was then held, nor since, and that no time has been appointed for such an election.

Judge Fraser heard the motion and granted it, on payment by the plaintiffs of $15 costs. Defendants appealed on the single ground stated in the opinion.

Mr. *B. F. Whitner*, for appellants.

Mr. *A. Burt*, contra, contended that the order was in the discretion of the judge and therefore not appealable, and cited *Code*, §§ 11, 196 ; 4 *Wait Prac.* 252, 256, 262 ; 12 *Abb.* 414 ; 21 *How. Pr.* 296 ; 16 *N. Y.* 242 ; 50 *N. Y.* 689 ; 52 *N. Y.* 248.

April 12, 1882. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. This action was brought to restrain the defendants appellants, president and directors of the Savannah Valley Railroad Company, from doing certain acts of official character, and also to restrain the treasurer of

the county of Abbeville from collecting and paying over the uncollected portion of the tax subscribed to the company.

After filing the complaint and before answer, the plaintiffs respondents made application at chambers before Judge Hudson for a preliminary injunction. Upon this application Judge Hudson granted a rule to show cause before him at Greenville on July 12, 1881. On that day the defendants answered, and the case was heard upon the rule. Judge Hudson declined to grant the restraining order applied for pending the litigation, and leaving the matter to the court to be acted on at term time, dismissed the motion with costs.

At the next term of the Court of Common Pleas for Abbeville county, plaintiffs, upon notice, moved for leave to amend their complaint in various particulars. This motion was granted by Judge Fraser, the presiding judge. From this order the defendants have appealed, upon the single ground that the additional allegations thus incorporated by amendment were not the subject of amendment, but were the subject of supplemental pleading, and could be brought before the court by a supplemental complaint only.

The only question therefore before this court in the appeal is: Did the judge err in permitting the additional allegations to be incorporated by amendment? This question must be determined upon the provisions of the code and the construction applicable thereto. Both amendments and supplemental pleadings are provided for in the code, but there is a marked distinction between the two. They are allowed upon different conditions and are intended to meet different contingencies. They are not interchangeable remedies, to be employed indifferently at the choice of the pleader, but distinct and separate proceedings, each depending upon its own principles and governed by its own facts. Where the one is required, it is error to substitute the other.

The important sections of the code relating to amendments are 195 and 196. The first allows pleadings to be once amended by the parties of course, and without costs at certain stages of the cause. This section has no application here, and need not be considered further. The second authorizes the

court to amend "either before or after judgment in further-
ance of justice,   .   .   .   or by inserting other allegations
material to the case, or when the amendment does not change
substantially the claim or defence by conforming the pleading
or proceeding to the facts proved."

Section 200 is the important section in reference to supple-
mental pleading.   This permits a supplemental complaint,
answer, or reply where facts material to the case have *occurred*
after the former complaint, answer, or reply, or where the party
was ignorant of such facts when the former pleading was
made, or where a judgment or decree of any competent court
determining the matter in controversy has been rendered since
the commencement of such action.   This section, as it will be
observed, specifies the character of facts or rather the condition
of the facts which are the subject of supplemental pleadings.
They must be such as have either occurred since the suit, or
if in existence at the time of the suit, the party was ignorant
thereof.   Such being the conditions which must attach to
allegations subject to supplemental pleadings, this, by strong
implication at least, excludes such facts from the operation of
amendment.

The mind would reach this conclusion simply upon reading
these different sections and without the aid of commentators.
But when we find that the best annotators of the code have
placed this construction upon these sections, this view is not
only strengthened and confirmed, but is left without doubt.
Mr. Wait says : " Whenever a plaintiff or defendant in any ac-
tion becomes informed of certain facts material to his case,
which have occurred after service of his complaint, answer, or
reply, or of which he was ignorant when his former pleading
was made, he should apply to the court for leave to serve a
supplemental pleading.   Supplemental pleadings in such cases
are not only allowable, but *indispensable*, as such newly dis-
covered facts cannot be inserted in the pleadings by amend-
ment.   Amendments can only relate properly *to the time* when
the original pleading was made, and *can only state facts in ex-
istence at that time.*"

He refers to numerous cases, among them *Hornfager* v.

·Hornfager, 6 How. Pr. 13 ; Hendricks v. Decker, 35 Barb. 298 ; Hoyt v. Sheldon, 4 Abb. 59 ; S. C., 6 Duer., 661. "Supplemental complaints cannot be allowed to set up facts existing and known to the pleader when the original pleading was served." 2 Wait Prac. 467. Again, at page 504, he says : "Amendments to a pleading can only state facts in existence at the time when the original pleading was made. A plaintiff cannot, therefore, introduce, by an amendment of the complaint, facts occurring subsequent to the commencement of the action." See also Moon v. Johnson, 14 S. C. 436 ; 2 Abb. Forms, 201, note k. This is conclusive, and determines indisputably the meaning and intent of the code upon this subject.

It only remains to inquire whether the facts alleged in the amendment here were in existence at the institution of the action or were such as have occurred since, or if in existence before, that plaintiffs were ignorant thereof at that time. There seems to be no doubt but that the facts alleged in the fourth, fifth, and sixth proposed amendments occurred after the commencement of the action, and under the principles laid down above could only be incorporated by supplemental complaint. As to the first, second, and third proposed amendments, while the facts appearing in the brief afford strong presumption that the plaintiffs were ignorant of the matters therein proposed at the time of the filing of the complaint, yet the statements are not sufficiently full and definite to enable the court to determine this fact with certainty. We therefore decide nothing in reference thereto.

It is the judgment of this court that the order below be reversed, without prejudice to the plaintiffs as to any motion they may make to the Circuit Court upon proper showing, as they may be advised, to have the first, second, and third proposed amendments inserted and allowed as such.