7315

RHAME v. SOUTHERN EXPRESS CO.

1. CONSTITUTIONALITY of a statute not raised below is not involved in appeal.
2. APPEAL—MAGISTRATE COURT.—The Circuit Court having affirmed judgment of magistrate, that default was not excusable and that new trial should not be granted on that account, this Court has no power to review the findings except in clear showing of abuse of discretion.

Before WATTS, J., Clarendon, September, 1908. Affirmed.

Action by D. O. Rhame against Southern Express Company. From order affirming judgment of Magistrate A. J. Richbourg, defendant appeals.

*Messrs. Willcox & Willcox, Purdy & O'Bryan,* for appellant, cite: *Constitutional question may be raised in petition for rehearing:* 207 U. S., 416. *The penalty act is unconstitutional:* 196 U. S., 194; 201 U. S., 321.

*Mr. J. J. Cantey,* contra.    Oral argument.

October 16, 1909.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES.   This action was commenced in a magistrate's court, on June 11, 1908, to recover $5.06, together with the penalty of fifty dollars, for loss of six baseballs, claimed to have been short in a shipment from Baltimore, Maryland, to Summerton, South Carolina.   The day set for trial was July 3, 1908.   The defendant was duly served with the summons and made no answer or appearance.   Plaintiff made proof of his claim for shortage in the shipment (part of which had been delivered to plaintiff), the filing of his claim with the defendant's agent at the point of destination, on March 10, 1908, and defendant's failure to adjust or pay the claim within ninety days thereafter.

Thereupon the magistrate rendered judgment against the defendant for the amount of the claim, the penalty and costs.

Within five days thereafter defendant moved before the magistrate for a new trial, upon the grounds (1) that there was no negligence on the part of the defendant in not appearing on the trial; that at the time defendant was attempting to settle the matter out of Court, and thought this would be accomplished, until the afternoon of July 2d, and then it was too late to secure the appearance of an attorney the following day; (2) that defendant has a valid defense as to the penalty asked for, based upon the ground that the penalty statute of February 23, 1903, is unconstitutional, because in violation of the equality clause and the interstate commerce clause of the Federal Constitution. Plaintiff made counter showing that while an attempt had been made by defendant to compromise the case, and the defendant had offered to settle for $45, and costs, that notice was given defendant in June, 1908, that unless said sum was paid on or about July 3, 1908, plaintiff would

not consent to any further continuance, and judgment would be secured against defendant on July 3, 1908.

The magistrate refused to grant a new trial, and on appeal the Circuit Court affirmed the magistrate's refusal of new trial.

The defendant's exceptions allege error, in that it was shown that the default of defendant was excusable, and in that the penalty statute was violative of the Federal Constitution, as alleged.

We do not consider that the constitutionality of the statute is involved in this appeal, as no such question arose on the trial below. The Circuit Court having concurred with the magistrate that the default was not excusable, and that new trial should not be granted on that account, we have no power to review such judgment upon the facts, in the absence of a clear showing of abuse of discretion, which does not appear in this case.

The judgment of the Circuit Court is affirmed.