### 9344

### MEYER *ET AL.* v. BRUNSON *ET AL.*

#### (88 S. E. 359.)

1. CORPORATIONS—ORGANIZATION—FAILURE TO COMPLY WITH STATUTES—LIABILITY OF MEMBERS.—Subscribers to the stock of a corporation which failed substantially to comply with the statutes regulating incorporation are individually liable for the debts of the organization.

2. CORPORATIONS — ORGANIZATION — STATUTES—SUFFICIENCY OF COMPLIANCE.—The provisions of Civ. Code 1912, sec. 2834, providing the procedure for perfecting incorporation cannot be ignored in substance, but must be substantially complied with, being for the protection both of the incorporators and the public.

3. CORPORATIONS — ORGANIZATION — STATUTES—SUFFICIENCY OF COMPLIANCE—"IRREGULARITY."—Where the incorporators subscribed but one-fourth of the authorized capital stock, and paid little of that subscribed, and failed to hold a meeting or secure a certificate or make

return as required by Civ. Code 1912, sec. 2834, their acts were not mere irregularities resulting in *de facto* incorporation, under act March 9, 1896 (22 St. at Large, p. 95), sec. 6, providing that mere irregularities shall not vitiate the incorporation, since the word "irregularities" must be reasonably construed as deviations from minor statutory provisions, but such acts vitiated the incorporation, and the incorporators were individually liable for debts of the attempted corporation.

Before MAULDIN, J., Barnwell, March, 1915.   Reversed.

Action by A. H. Meyer and others, copartners, doing business under the firm name of L. Jonas & Co., against J. O. Brunson and others, doing business under the firm name of the Women's Wear Shop.   Judgment of nonsuit, and plaintiffs appeal.

*Mr. H. L. O'Bannon,* for appellants, cites: 2 Rich. Eq. 395; 7 R. C. L. Corporations, secs. 42, 44, and 332; 17 A. & E. Enc. of L. (1st ed.) 866; 12 L. R. A. 351; 46 S. C. 372, 292; 41 Am. Rep. 85, 87; 1 Cook Stockholders, sec. 233; 3 L. R. A. (N. S.) 653; 10 Cyc. 248.   *These parties not affected by other suits to which they were not parties:* 2 Nott & McC. 25; Bail. Eq. 284, 293; 32 S. C. 379, 385. *Nor are plaintiffs affected by the adjudication of the corporation as a bankrupt:* Ann. Cas. 1913a, 719; 38 L. R. A. (N. S.) 648.

*Mr. Jas. M. Patterson,* for respondent, cites: *Code as to charter:* Civil Code, sec. 2839.   *Defacto corporation:* 10 Cyc. 254.

March 18, 1916.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The appeal makes practically one issue, and that is: Are the defendants liable as copartners for the plaintiffs' demand?   There is no denial that the plaintiffs, who are

merchants at Nashville, sold and delivered merchandise to somebody at Allendale. The plaintiffs contend that the goods were sold and delivered to the defendants as copartners in trade; and they sued the defendants as copartners and as members of an unincorporated association. The defendants contend that the goods were sold and delivered to a corporation of which the defendants were only stockholders. The goods, $400 worth, were sold and delivered betwixt August and October, 1912, both inclusive.

On May 1, 1912, some of the defendants filed with the Secretary of State the statutory petition for a commission. to issue to them to organize at Allendale a corporation to be called the "Women's Wear Shop," to have a capital stock of $10,000, divided into 100 shares of $100 each. Books of subscription thereto were immediately opened, and the defendants subscribed in varying amounts for an aggregate of 25 shares of the capital stock. Thereof some of the defendants paid all they subscribed for, some paid a part, and some paid none. There was no meeting of the subscribers to stock during the year 1912; and a charter was only issued to the subscribers in March, 1913, a month after this action was begun. It does not appear from the record upon what sort of a certificate by the board of corporators to the Secretary of State the charter was issued to the board of corporators. The simple averment is made that the incorporation was had March 27, 1913. The record shows that the defendants did not wait the business they had in mind upon the completion of the organization and the issuance of the charter. The largest subscriber for stock, W. M. Williams, proceeded as early as July 1, 1912, to do business; he opened a storehouse, he signed himself as manager; he bought and sold merchandise, that of the plaintiffs' included; he reported progress to the other subscribers for stock who once in a while in 1912 called and inquired about the business; he called the subscribers to meet and could not get them together; he knew the business was not incorporated

in 1912. The Circuit Court thought that the corporation was *de facto,* and that the defendants were not personally liable, and directed *in invitum* a nonsuit. And that is the issue now to be decided.

The defendants proceeded under section 2834 of the Civil Code, and the other provisions of that chapter, to form themselves into a private corporation. And the question is: Did they follow the terms of the statute close enough to have constituted themselves a corporation *de facto* in 1912? For if they did not, then upon well settled principles of law, so well established in this State as not to need a citation of authority, the defendants are individually liable to the plaintiffs.

The provisions of a statute about how a corporation shall be formed mean something. They may not be totally disregarded, nor ignored in substance. They were enacted both for the protection of members of the corporation and for the protection of the crediting public. The obvious intention of the legislature was: (1) That the petition of the corporators should show the amount of the capital stock to be subscribed for; (2) how much each subscriber was bound to the others for; and (3) the return should show how much of the stock subscribed for had been paid. There are other provisions, but these are the ones of substance.

It is suggested by the defendants, who are respondents here, that these matters are not of substance, but only formal, and a failure to observe them amounts to a mere irregularity, and that by the act of 1896 (22 St. 92) such irregularities do not vitiate the incorporation, except in a special proceeding by the State therefor. We think the statute was only declaratory of the law. So the issue is: Did the aforementioned omissions by the corporators amount only to irregularities?

Tidd defines an "irregularity" to mean "the want of adherence to some prescribed rule or mode of proceeding." 1

Tidd, Practice 431. Black defines it as an informality. Black's Dic., p. 656. Cyc., among other definitions, calls it "a deviation from certain minor provisions of the statutes." 23 Cyc. 355. The act of 1896 with that word in it must be reasonably construed.

We take it the legislature meant that a failure of the corporators to comply regularly and exactly with all the provisions of the law about the formation of corporations should not vitiate the charter. We think that it did not mean that the corporators might ignore the substance of the law and escape. Besides the omissions before referred to, of the thirteen subscribers to the capital stock, five paid nothing, and three paid only one-half of their subscription. These omissons, together with the subscription of only one-fourth of the proposed capital stock, amount to a palpable violation of the law; they are not mere irregularities. 1 Morawetz, sec. 27. A case in full point, cited by the appellants, is *Farmers* v. *Floyd*, 47 Ohio St. 525, 26 N. E. 110, 12 L. R. A. 346, 21 Am. St. Rep. 846.

If, therefore, there was no corporation in 1912, and there was not, the defendants are liable to the plaintiffs as individuals. *Haslett* v. *Wotherspoon*, 19 S. C. Eq. (2 Rich. Eq.) 395; *Lagrone* v. *Timmerman*, 46 S. C. 372, 24 S. E. 290.

We are, therefore, of the opinion, that the judgment below must be reversed, and the cause remanded.

It is so ordered.


MR. JUSTICE FRASER, *concurring.* I concur in the result. I cannot see that this action is in any sense an attack on the corporation. The question is: Is the debt a debt of a copartnership or the debt of corporation?

The law would be very defective if a copartnership that was in debt could repudiate the individual liability of the copartners by a subsequent incorporation. The law would be very defective if it allowed all the immunities of corpora-

tors to those who had merely filed a petition for a charter and then neglected or refused to take out the charter and pay the fees therefor. The law is not so defective. Those who associate themselves in a business enterprise and contract debts in pursuance of their business without a charter are copartners, and cannot throw. off their individual liability by a subsequent incorporation.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur in the opinion of the Court delivered by MR. JUSTICE GAGE.

MR. JUSTICE HYDRICK concurs in reversing the nonsuit.