## 9415

### HENRY MERCANTILE CO. v. GEORGETOWN & W. R. CO.

(89 S. E. 480.)

1. CORPORATIONS— DISSOLUTION— STATUTE.— Civ. Code 1912, sec. 2812, providing the manner in which a corporation may be dissolved, does not contemplate a dissolution until the affairs of the corporation have been liquidated.

2. RAILROADS—SETTING FIRES—STATUTE.—A railroad corporation, which set fire to a lot of cotton placed on a platform on its right of way while it was operating its road`and before it conveyed its franchise to another, was liable under Civ. Code 1912, sec. 3226, providing that every railroad corporation shall be responsible in damages to any person, etc., for injury by fire communicated by its locomotives or originating within the right of way of the road.

3. CORPORATIONS— DISSOLUTION.— A corporation cannot be dissolved except in the manner provided by the statute.

4. EVIDENCE—DOCUMENTS—FORMAL PROOF AS TO EXECUTION—COLLAT-ERAL FACT.—In an action against a railroad for firing a lot of cotton placed on a platform on its right of way, testimony as to the amount received for cotton sold, a mere collateral fact, did not require formal proof as to the execution of the check which was paid for it.

5. APPEAL AND ERROR—PRESENTATION OF OBJECTIONS—COMPETENCY OF EVIDENCE.—In an action against a railroad for firing a lot of cotton on its right of way, parol testimony as to the price offered plaintiff immediately before the fire, the price received after it was repacked and the cost of unbaling, repacking, etc., must, on appeal, be regarded competent, where no objection was made thereto.

6. APPEAL AND ERROR—REVIEW—INVITED ERROR—EVIDENCE—RULE OF DAMAGE.—In an action against a railroad for firing cotton on its right of way, where, on appellant's request, the Court announced the rule that the only amount of damages recoverable was the difference between the market value of the cotton before being damaged and its market value at such time after the fire as plaintiff, with the exercise of due diligence, could have put it on the market, together with the expense incurred in getting it in marketable condition, parol testimony of the price offered plaintiff immediately before the fire, the price received after it was repacked, and the cost of repacking, etc., must, on appeal, be regarded as admissible.

FOOTNOTE.—Power of corporation after dissolution to prosecute pending or new action, see notes in 17 A. & E. Ann. Cas. 225, 32 L. R. A. (N. S.) 446 to 452, 69 L. R. A. 124 to 155; effect of dissolution of corporation upon its contracts, see notes in 13 A. & E. Ann. Cas. 577, 35 A. & E. Ann Cas. 1915a, 1236, 34 A. & E. Ann. Cas. 1914d, 439, 15 L. R. A. 627 to 629, 3 British Ruling Cases 627; what works a dissolution, see 50 L. R. A. (N. S.) 383, L. R. A. 1915a, 606.

Before Shipp, J., Kingstree, Fall term, 1915.   Affirmed.

Action by Henry Mercantile Company against the George-town & Western Railroad Company.   From a judgment for plaintiff, defendant appeals.

*Messrs. Kelley & Hinds,* for appellant, cite: *As to liability:* Civil Code, sec. 3226; 41 S. C. 86; 13 Am. St. Rep. 228; 38 S. C. 1; 75 S. C. 455; 41 S. C. 285.   *As to duration of corporation:* Civil Code, sec. 2814.   *As to parol testimony showing sale of cotton:* 1 Greenleaf Ev. (13th ed.), sec. 87; 17 Cyc. 465.   *Proof of damages:* 13 Cyc. 213, 215.

*Messrs. Stoll, Stoll & O'Bryan,* for respondent, cite: *As to dissolution of corporation:* Civil Code, secs. 2812 and 2816.

June 30, 1916.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This is an action for damages, caused by fire to a lot of cotton placed by plaintiff upon a platform on defendant's right of way.   It is alleged that the fire was communicated to the cotton by sparks from a locomotive engine belonging to the defendant.   The defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, for the following reason:

"Because it does not appear on the face of the said complaint that at the time this suit was commenced the defendant was a railroad corporation, but, on the contrary, by a proper construction and interpretation of the terms and allegations contained in said complaint, it appears on the face thereof that at the time this suit was commenced the defendant had ceased operating its railroad, and therefore was not then a 'railroad corporation' according to the true

meaning and intention of section No. 3226, Vol. I, Code of Laws of South Carolina 1912, under which this action is brought."

The demurrer was overruled, and the first exception assigns error in this respect. Section 3226, Code of Laws 1912, is as follows:

"Every railroad corporation shall be responsible in damages to any person or corporation whose buildings or other property may be injured by fire, communicated by its locomotive engines, or originating within the limits of the right of way of said road in consequence of the act of any of its authorized agents or employees, except in any case where property shall have been placed on the right of way of such corporation, unlawfully or without its consent."

The defendant in its answer alleges that the plaintiff was not, and is not, a corporation as alleged in the complaint, and that it admits that the charter has not been formally dissolved or revoked, but alleges that it has ceased to do business under its charter. The fire occurred on the 10th of February, 1915, and the defendant disposed of its franchises in the manner set forth in the exception, on the 1st of May, 1915. Section 2812 of the Code of Laws 1912, is as follows:

"All corporations heretofore or hereafter incorporated in this State, either by the legislature, the Secretary of State, or a clerk of Court, shall always have the right to go into liquidation, and to wind up their affairs, and dissolve, by resolution of the stockholders, representing a majority of capital stock had, after such notice as is hereafter provided; said resolution to be signed by the president and secretary, or other officers of the corporation, and forwarded to the Secretary of State to be filed * * * in his office: *Provided,* That such resolution shall not bar an action, for two years thereafter against the corporation or any of the members, for any liability incurred during the existence of the corporation."

There is no doubt that the liability was incurred and the cause of action accrued, when the fire took place on the 10th of February, 1915, during the corporate existence of the defendant, and while it was operating the road.

1, 2 The statute provides the manner in which the corporation may be dissolved, but it does not contemplate a dissolution until the affairs of the corporation have been liquidated. *Meyer* v. *Brunson,* 104 S. C. 84, 88 S. E. 359. This case, therefore, falls within the provisions of the statute.

The appellant relies upon the case of *Hunter* v. *Railway,* 41 S. C. 86, 19 S. E. 197. That case merely decides that under section 3226 of Code of Laws 1912, only the railroad company operating the road is liable under the statute, and that when such fire is communicated by the locomotive engine of the lessee, the lessor is not responsible for damages under the statute. That case shows clearly that, as the defendant was operating the road, at the time of the fire, which took place before it conveyed its franchises to the Carolina, Atlantic & Western Railway Company, it was liable for the damages.

The second exception assigns error, on the part of his Honor, the presiding Judge, in sustaining the

3  demurrer to the second defense, on the ground that it did not state facts sufficient to constitute a defense. The second defense is as follows:

"That on or about the 29th day of March, 1915, D. R. Coker, J. J. Snow, and W. T. Turbeville, all the stockholders of said Henry Mercantile Company, made and executed an instrument and agreement in writing, under their hands and seals, whereby they voluntarily dissolved the said corporation, if it ever had a corporate existence, by destroying its nature and character, and surrendered, discarded, and abandoned its charter, if such were ever issued. That this defendant is informed and believes that the aforesaid instrument and agreement made and constituted the said D. R.

Coker, J. J. Snow, and W. T. Turbeville, copartners for the purpose of conducting the business of the said Henry Mercantile Company, as such copartners, and that at the time this suit was commenced the said D. R. Coker, J. J. Snow, and W. T. Turbeville were and still are such copartners. That this suit cannot be maintained against the defendant, by the said Henry Mercantile Company as a corporation."

Section 2814 of the Code of Laws 1912, is as follows:

"All corporations, whether they expire by their own limitation or be annulled by the legislature, or otherwise dissolved, shall be continued bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them to settle and close their affairs."

Section 2816 of the Code of Laws 1912, also provides that suit may be brought in the name of the corporation, after it has passed a resolution to go into liquidation, for debts owing to it. A corporation cannot be dissolved except in the manner provided by the statute. *Meyer* v. *Brunson,* 104 S. C. 84, 88 S. E. 359. The demurrer to the said defense was therefore properly sustained.

The third exception is disposed of by what was said in considering the first exception.

The fourth exception is as follows:

"That his Honor erred in overruling defendant's objection to admitting in evidence any oral statement of the amount received, for the cotton sold, and in refusing to strike out any oral statement to that effect, made by the witnesses for plaintiff, after it appeared that the cotton was paid for by check; it being respectfully submitted that the check was the best evidence of the amount received for said cotton."

In the first place, the amount received for the cotton was not a disputed question; and, in the second place, the testimony related to a mere collateral fact, which did not require formal proof as to the execution of the check. *Feinstein* v. *Politz,* 103 S. C. 238, 87 S. E. 1005.

The fifth exception is as follows:

"That his Honor erred in overruling and in refusing to grant defendant's motion for a new trial, upon the ground that under the instructions of the Court the jury should have returned a verdict in favor of the defendant, because the plaintiff failed to establish the amount of its damages, and failed to prove such facts as would enable the jury to ascertain the correct amount of the damages, by proper calculations and deductions."

The following statement appears in the record:

"As to the measure of damages, the plaintiff adduced parol testimony to prove that immediately before the fire it was offered the sum of $1,759.18, for the lot of cotton; that after the cotton was burned and damaged and after it was repacked, it was sold, about the 8th of April, 1915, for the sum of $983.27; that the unbaling, repicking, repacking, bagging, and ties cost the plaintiff the sum of $73.79."

There was no objection to said testimony, and it must therefore be regarded as competent, not only on this account, but because it was admissible under the rule announced by the Court, upon the request of the defendant, which was as follows:

"The only amount of damages which can be recovered by the plaintiff, under the allegations of the complaint and the evidence in the case, is the difference between the actual market value of the cotton immediately before it was damaged and the actual market value of it at such time after February 10, 1915, as the plaintiff, with the exercise of due diligence, could have prepared it for, and put it upon, the market, together with the expense incurred by plaintiff in getting it in marketable condition."

The testimony afforded a basis upon which the amount of damages could be ascertained, with mathematical certainty.

Judgment affirmed.