## 9788

HENRY MERCANTILE CO. v. GRAHAM, SHERIFF OF WIL-
LIAMSBURG COUNTY.
SAME v. GEORGETOWN & W. R. CO.

### (93 S. E. 331.)

1. RAILROADS—SALE OF FRANCHISE—LIEN OF JUDGMENT.—Under Civ.
Code 1912, sec. 3229, providing that, on entry of judgment against
a railroad corporation, for injury to property, the judgment shall
relate back to the date when the cause of action arose, and shall be
a lien as of that date on its property and franchise, and shall take
priority over any mortgage, etc., given to secure bonds of the rail-
road company, although the property and franchise of a railroad com-
pany had been sold to another corporation, such property was liable
to execution to satisfy a judgment for injury to property obtained
against the company after the sale.

2. APPEAL AND ERROR—QUESTIONS NOT RAISED IN LOWER COURT—REVIEW.
—Where the constitutionality of a statute is not raised in the trial
Court, it cannot be considered upon appeal.

Before PRINCE, J., Kingstree, December, 1916.  Af-
firmed.

Action by the Henry Mercantile Company against the
Georgetown & Western Railroad Company.  Judgment for
plaintiff.  The Mercantile Company made application for
an order requiring George J. Graham, as sheriff of Wil-
liamsburg county, to levy upon certain property that was
owned by defendant.  Order issued, and defendant appeals.

*Messrs. Kelley & Hinds,* for appellant, cite: *As to rule of
statutory construction:* 84 S. C. 563; 9 S. C. 44; 13 Rich.
277; Cooley Const. Lim. 223; 26 A. & E. Enc. of L. 964;
Const., art. I., secs. 5, 8 and 17; 17 Stats. 835; Gen'l Stats.
1882, sec. 1528; Civil Code 1912, sec. 3108.

*Messrs. Stoll, Stoll & O'Bryan,* for respondent, cite: 99
S. C. 218; Civil Code, sec. 3229; 70 Fed. Rep. 442; 30 L.
R. A. 823.

July 30, 1917.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The appeal is from an order of the Circuit Court which directed the sheriff to levy execution against certain property of the Georgetown & Western Railroad Company, hereinafter called the Railroad Company. The cause is sequel to that reported at 104 S. C. 478, 89 S. E. 480. It was there held that the Railroad Company was liable to judgment for the delict committed by it before its dissolution. If that be true, then the apparent corollary to that postulate is this: That the property which the Railroad Company held before dissolution is liable to pay the judgment. This appeal asserts the contrary, and that is the issue up for decision.

The appellant relies upon a construction of the statute (section 3229) to escape liability for the plaintiff's judgment. The statute was enacted in 1882 (17 St. at Large, p. 791), when the legislature established a railroad commission, and it is a part of that act. If a sale of the property and franchise of the Railroad Company had not been made to the Carolina, Atlantic & Western Railroad Company, then there would be no room to question the liability of the property in issue for the payment of the judgment in issue. The circumstance of that sale is the sole ground of the appellant's contention that the act of 1882 is not comprehensive enough to compass the case. With irrelevant words omitted and numerals supplied, the act stands thus:

(1) Wherever a cause of action shall arise against any railroad corporation (2) for injury * * * to property sustained by any person. (3) and such cause of action shall be prosecuted to judgment by the person injured, * * * (4) said judgment shall relate back to the date when the cause of action arose (5) and shall be a lien as of that date (6) upon the income, property and franchise of said corporation (7)

enforceable in any Court of competent jurisdiction by * * * levy and sale under execution (8) and shall take * * * priority of payment of any mortgage, deed of trust or other security given to secure the payment of bonds made by said railroad company.

The point of the appellant's contention is that the clause that we have numbered 8 only gives such a judgment as the instant one priority of payment over any mortgage, deed of trust, or other security, and that there is no such circum-stance as a mortgage, a deed of trust, or other security in the instant case, but instead of that a sale of the property sought to be reached.   But the clauses we have marked 5 and 6 make such a judgment as the instant one a lien, as of a debt before the sale, upon the property which was sold. No issue of priority betwixt the judgment and any other security arises, so clause 8·has no relevancy to the case.   By the plain and express words of the statute, when the Carolina, Atlantic & Western Railroad Company took the prop-erty, there was a potential constructive lien upon it; and that lien has followed it into the hands of the Seaboard Air Line Railroad into which the Atlantic is said to have "merged."   When the legislature permitted the railroad company to sell its property, as by the act of 1908 it did (25 Stats. 1090), it provided for just such a case as this, "that the same (that is, the sale) be not inconsistent with the laws of this State," to wit, the act of 1882. ' There is no "equity" involved in the case; it depends upon statutes which declare liens upon property.   The purchasing companies took prop-erty with an inchoate statutory lien upon it, and such a pur-chase cannot claim a want of notice.   Bispham's Eq., sec. 261.

But the appellant challenges the statute, if it shall be held effective to save the plaintiff's right, upon constitutional

grounds, and he relies on the sections 5 (due process), 8 (impairing the obligation of contract), and 17 (the taking of property without compensation), all of article I of the Constitution of 1895. It is sufficient to say that if there be any force whatever in the suggestion, the question was not made before the Circuit Court, and is not the basis of an exception, and is not now properly before us. *Rhame v. Ex. Co.,* 83 S. C. 547, 65 S. E. 821.

The order of the Circuit Court is affirmed.