## 11448

### C. W. HUNT CO. v. WULBERN FERTILIZER CO.

#### (122 S. E., 28)

Corporations—Amendment to Answer Alleging That Affairs of Defendant Corporation Are Now in Hands of Liquidating Trustees Held Proper.—In a suit against a corporation, an order permitting an amendment to the answer by adding that since serving the answer defendant has surrendered its charter, and its assets and affairs are now in liquidation, and the liquidating trustees are necessary parties, *held* proper.

Before Wilson, J., Charleston, October, 1922. Affirmed.

Action by C. W. Hunt Co. v. Wulbern Fertilizer Co. From an order permitting amendment to the answer plaintiff appeals.

*Messrs. Rutledge, Hyde & Mann* and *R. M. Figg, Jr.,* for appellant, cite: *Proper matter of defense:* 125 Fed., 270; 68 N. Y. Supp., 556. *Frivolous answer:* 105 S. C., 513. *Liability of corporation in liquidation:* 3 Code, 1922, Sec. 4279, 81, 83. *Joyce on actions against Corporations:* Sec. 238- 240; 104 S. C., 478.

*Messrs. Mitchell & Horlbeck* and *Hagood, Rivers & Young,* for respondent, cite: *Trustees of defunct corporation proper parties:* 64 S. C., 554; 71 S. C., 427.

March 14, 1924.

The opinion of the Court was delivered by Mr. Justice Fraser.

The following is the case and exceptions:

"This action, commenced on September 8, 1921, was for the recovery of the purchase price of certain railroad iron cars, turntable, and equipment sold by the plaintiff to the defendant, and duly delivered and then in possession of said defendant.

"The defendant files a general denial, and the case being on the calendar for trial by jury at the October, 1922, term of the Court of Common Pleas for Charleston county, the defendant without previous notice moved the Court for leave to ammend its answer by inserting the following three paragraphs:

" 'That since the commencement of this action and the serving of the answer by the defendant the defendant has gone out of business, surrendered its charter, and is no longer in existence, and its assets and affairs are now in liquidation by trustee in accord with the statutes of South Carolina, and that the said trustees are necessary parties to this suit.

" 'And this defendant shows and alleges that such liquidation and distribution of its assets as in accord with the statutes of South Carolina, in such case made and provided, which saves the expense of liquidation through Court proceedings or bankruptcy, and is for the purpose of paying to all of its creditors equally and *pro rata* the amounts due on their respective claims, including the claim of the plaintiff.

" 'That defendant is informed and believes that in the sale of its assets and the liquidation thereof there will not be funds sufficient to pay in full all of its creditors, and defendant, is advised that it will be illegal for it to pay the claim of plaintiff in full, as such payment would result

in giving a preference to plaintiff over other creditors of defendant.'

"To this proposed amendment the plaintiff's counsel objected, upon the grounds that the action was brought while the defendant was actually engaged in business as a corporation under its corporate name, and that the plaintiff was, under the statutes of the state in such case made and provided, entitled at the time of the commencement of the action to bring said action against the said corporation, and that the matters alleged in the proposed amendment having arisen subsequently to the accrual of the cause of action and the commencement of the suit, could not properly be made matters of defense in the action, and that said matters so contained in said proposed amendment were irrelevant and insufficient.

"The Court overruled the objection of the plaintiff, and thereafter filed an order allowing the amendment asked for.

"An amended answer was subsequently served; and within the time allowed by law due notice of appeal from the order allowing the amendment was served upon the defendant's attorneys.

"Exceptions

"First. Because the presiding Judge erred in allowing the amendment above set forth, for the reason that said amendment contained allegations of matter which occured after the accrual of the cause of action, and after the service and filing of the summons and complaint herein, and which could not therefore constitute matters of defense to the action to be pleaded in an amended answer.

"Second. Because, under the statute law of South Carolina in such case made and provided, any action now pending or to be hereafter begun against any corporation which may become dissolved before final judgment shall not abate by reason thereof, but no judgment shall be entered therein except upon notice to the trustees or receivers of the corporation, and the plaintiff was therefore entitled to proceed

with the trial of its case upon the pleadings as they stood before the amendment was granted.

"Third. Because, under the provisions of the statute law of South Carolina, all corporations, whether they expire by their own limitation or be annulled by the Legislature, or otherwise dissolved, shall be continued bodies corporate for the purpose of prosecuting and defending suits by or against them and of enabling them to settle and close their affairs, to dispose of and convey their property, and to divide their capital, but not for the purpose of continuing the business for which they were established, and, this action having been begun before the matters alleged in said proposed amendments and before the dissolution of the corporation, the plaintiff was entitled to proceed with the trial of its case to final judgment."

It is very manifest that the order appealed from did not allow a new defense, and did not abate the action. · The order simply allowed the trustees to be made parties. "No judgment could be entered therein except upon notice to the trustees." We know of no reason why the trustees should be notified before judgment can be entered, unless the trustees have the right to show cause why the judgment should not be entered. If the claim of the appellants shall prevail, then there must be two trials instead of one. There was no effort to eliminate the corporation as a party. The order appealed from is so manifestly proper that no further discussion is necessary.

The order appealed from is affirmed.

Mr. Justice Watts concurs.

Mr. Justice Marion concurs in result.

Mr. Chief Justice Gary did not participate.

Mr. Justice Cothran (dissenting): Facts occurring after the commencement of the action can be brought before the Court only by supplemental pleading and not by amendment to the original pleading (*McCaslan v. Latimer*, 17 S.C., 123), leave for which is granted upon motion of

which opposing party is entitled to notice.   (Code Civ. Proc.,
§ 440;   *Avery v. Wilson,* 47 S. C., 78; 25 S. E., 286.)

The matter offered by way of amendment was not a de-
nial of any allegation of the complaint nor of new matter
constituting a defense or counterclaim.   *Trust Co. v. Kibler,*
105 S. C., 513; 90 S. E., 159.   Under sections 4279 to
4283, vol. 3, Code 1922, the plaintiff had the right to pro-
ceed against the corporation to judgment, which, however,
could not be enforced without notice to the trustees.   *Merc.
Co. v. R. Co.,* 104 S. C., 478; 89 S. E., 480.