CASE 31—PETITION EQUITY—FEBRUARY 6.

# Berry vs. Norris.

### APPEAL FROM DAVIESS CIRCUIT COURT.

1. A valid trust of personal property may be created by a parol declaration, which may be sustained by parol evidence. (*Hill on Trustees*, 60.)

2. An action to enforce such trust would not be defeated by proof of the coverture of one of the plaintiffs, where the proof also showed that her husband was insolvent, an habitual drunkard, and made no provision for the support of his family.

W. N. SWEENEY for appellant.

G. SWOPE for appellee.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

The allegations contained in the first paragraph of the petition are, in substance, that appellant purchased from William Abell 520 bushels of corn of the value of $520, and 3,600 pounds of tobacco of the value of $184, for the use and benefit of appellees, all of which he took into his possession, and sold the same, converting the proceeds to his own use, and refused to account for or to pay over the proceeds, or any part thereof, to appellees.

Here is a clear and explicit statement of the receipt of certain personal property by appellant, setting forth its quantity and value, to be held for the use and benefit of certain persons, pointed out and identified by name, omitting nothing necessary to fix a trust upon such property.

We cannot concur, therefore, with the counsel for appellant, that the allegations in the paragraph *supra* are not sufficient to charge appellant as trustee.

A valid trust of personal property may be created by a parol declaration, which may be sustained by parol evidence. (*Hill on Trustees*, 60.)

We are not prepared to say that the coverture of Mrs. Norris should have defeated the action. Even if her husband was entitled to her part of the proceeds of the property, it appears from the evidence that he was insolvent, that he made no provision for the maintenance of his wife and children, and that he was an habitual drunkard. With such proof, the court would not aid him to recover his wife's portion until he had made suitable provision for her.

Appellant was, therefore, properly made responsible by the court below for the proceeds of the corn and tobacco, after allowing him a credit for the amount paid by him to Abell therefor, and a reasonable compensation for his care and labor bestowed in perfecting the crop and selling the same.

It was not only proper, but it was the duty of appellant, to sell the crop after it was matured and prepared for market, not only to reimburse himself, but to advance the interests of appellees; and if he had not repudiated the trust altogether, he would doubtless have been permitted to retain the funds in his hands, or at least such part thereof as might not be required to be expended for the benefit and comfort of the family. But his own conduct rendered it necessary to remove him as trustee, and to pay over the trust fund to some one who will more faithfully execute the trust.

As some of the appellees were infants at the time of the rendition of the judgment, some discreet suitable person should have been appointed by the court below to collect their part of the judgment and manage it for them; but as that omis-

sion was not prejudicial to appellant, it cannot avail him here.

From the evidence, it appears that since the institution of this suit, the husband of Mrs. Norris has departed this life, and her part of the fund can properly be paid to her.

There was no error in the admission of the evidence excepted to by the appellant, and the judgment is not for more than the evidence authorized.

Wherefore, the same is affirmed.