THOMAS R. CATLAND, Executor, *vs.* FRANK L. HOYT.

Androscoggin. Opinion September 20, 1886.

*Contract. Life insurance. Evidence. Executors and administrators. Action.*

C obtained a certificate of life insurance from the United Order of the Golden Cross, which provided that the sum insured should be paid to H at C's death. That was done. *Held*, in an action by C's executor against H, that evidence was admissible to prove the defendant promised C, that, after deducting whatever sum might be due him from C, at C's death, from the insurance money, he would pay the balance over to C's heirs. *Held further*, that C's executor was the proper party to bring suit on such a promise.

ON EXCEPTIONS and motion to set aside the verdict.

Assumpsit by the executor of the last will of David B. Catland, deceased, to recover money received by defendant on a benefit policy of life insurance on the life of said David. The opinion states the case and material facts.

*F. M. Drew*, for the plaintiff, cited, on the admissibility of the evidence: 1 Greenl. Ev. (13 ed.) § 284, a; *Dearborn v. Parks*, 5 Greenl. 81; *Burbank* v. *Gould*, 15 Maine, 120; *Schillinger* v. *McCann*, 6 Greenl. 364; *Tyler* v. *Carlton*, 7 Greenl. 175; *Emmons* v. *Littlefield*, 13 Maine, 233; *Nickerson* v. *Saunders*, 36 Maine, 413; *Goodspeed* v. *Fuller*, 46 Maine, 149; *Bonney* v. *Morrill*, 57 Maine, 368; *Dearborn* v. *Morse*, 59 Maine, 210; *Farrar* v. *Smith*, 64 Maine, 74.

The action is properly brought in the name of the executor. 1 Chitty, Contracts, (11 ed.) 74, note; 2 Greenl. Ev. § 109; *Bohanan* v. *Pope*, 42 Maine, 96; Metcalf, Contracts, 211; 1 Waits' Actions and Defences, Art. 5, § 1, and cases cited; Lawes, Pl. in Assumpsit, 88; *Martin* v. *Ætna Ins. Co.* 73 Maine, 28; Dicey on Parties, 222, 224; *McLean* v. *Weeks*, 61

Maine, 280; *Fletcher* v. *Holmes*, 40 Maine, 367; *Steene* v. *Aylesworth*, 18 Conn. 244; *Sanford* v. *Hayes*, 19 Conn. 594.

Money had and received can be maintained. *Hall* v. *Marston*, 17 Mass. 579; *Camp* v. *Tompkins*, 9 Conn. 554; *Howe* v. *Clancey*, 53 Maine, 130.

The verdict should not be set aside. *Milo* v. *Gardiner*, 41 Maine, 551; *Glidden* v. *Dunlap*, 28 Maine, 382; *Handey* v. *Call*, 30 Maine, 17; *West Gardiner* v. *Farmingdale*, 36 Maine, 254; *Bryant* v. *Glidden*, 39 Maine, 464; *Enfield* v. *Buswell*, 62 Maine, 128; *Weeks* v. *Parsonsfield*, 65 Maine, 286.

*George C. and Charles E. Wing*, for the defendant.

The contract between the parties was under seal, fulfilled after the death of the testator, recognized as binding by all persons, and it is admitted that the defendant rightfully received the money paid upon it. There is no declaration upon any contract made by the defendant with the testator concerning the insurance, or the distribution of any funds that might be paid under the contract, and we submit that testimony concerning a contract not declared upon, should have been excluded. That Mr. Catland, Senior, regarded the transaction as an absolute one, is much more satisfactorily shown by the circumstances in the case than in any ordinary view demonstrated by the testimony of his son, the executor.

First, it is a fact and one that can not be varied by verbal testimony, that during the entire continuance of this certificate the testator had it in his power to change the name of the beneficiary upon the payment of fifty cents. If the plaintiff's version of the case were true, would he not have done so and left it for any new beneficiary that he had last named to adjust the business with Hoyt? If this were not so, would he have tried to induce his son and his son-in-law, one or both of them, to have assumed the contract of insurance and become the beneficiary?

That the verdict is excessive in amount, if the plaintiff were entitled to any at all, is demonstrated conclusively by simply adding its amount, $1239.43, to the items amounting to $762.08,

which sum is made up without interest or charges except for actual cash disbursements, and we find the sum of $2001.51, or $41.91 more than the defendant received from the society on the certificate. This position requires no argument, and for this reason, if for none other, the verdict should be set aside and an opportunity presented for this wrong to be righted and justice done to the defendant.

Defendant cites Greenleaf on Evidence, Vol. 1, § 87; *Shaw* v. *Shaw*, 50 Maine, 94; *Currier* v. *Continental Life Insurance Co.* 52 American Reports, (note control of policy by insured.

WALTON, J. It appears by the report in this case that David B. Catland obtained from the United Order of the Golden Cross a certificate in the nature of a life insurance policy, by the terms of which the money that should become due upon it was to be paid to the defendant, and that the defendant, after the decease of Catland, actually received upon it the sum of $1959.60. The plaintiff, who is the executor of David B. Catland, claims, and, at the trial, offered evidence tending to prove, an oral agreement between the defendant and the deceased, by the terms of which the defendant promised that, after deducting what should be due from the deceased to him, he would pay the balance to the heirs of the deceased. The defendant objected to this evidence upon the ground that it tended to vary the terms of the written agreement between the deceased and the insurance company; and further, that the evidence, if admitted, would show a promise by the defendant to pay, not to the deceased, but to his heirs, and that such a promise would not support an action by the executor. These objections were overruled and the plaintiff obtained a verdict for $1239.91. The defendant excepts to the ruling, and moves for a new trial on the ground that the verdict is excessive and against the weight of evidence. It is the opinion of the court that the ruling was correct and that the verdict was justified by the evidence. The oral evidence was not in conflict with the written contract. It was offered, not to vary or control the contract between the deceased and the insurance company, but

to show another and an independent contract between the deceased and the defendant. It was offered, not to show that the defendant was not to receive the money, but to show what he was to do with it after receiving it. For this purpose the evidence was clearly admissible. And as the latter agreement, if made at all, was made with the deceased, his executor is a proper party to sue for the breach of it. It is true that by the terms of this agreement, the defendant promised to pay the money to the heirs of the deceased. But the contract was not with the heirs; it was with the deceased; and not having been performed, the executor was a proper party to sue. There is a conflict in the authorities as to whether, when a contract is made with A to pay money to B, B may maintain an action for the breach of it. But there is no doubt that for the breach of such a contract, A, or, in case of his death, his executor or administrator, is a proper party to sue, as the authorities cited by the plaintiff's counsel abundantly show.

*Motion and exceptions overruled.*
*Judgment on the verdict.*

PETERS, C. J., VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.