be furnished, or the amount of work remaining to be performed to complete the plaintiff's contract. So, with respect to the extra work, while the time and amount are given, the nature of the labor and services performed are not stated. Moreover, as the lien filed included both the claims for $8,500 and $500, we do not think, because the latter more nearly approached a valid lien by complying with the conditions of the statute, that we should endeavor to sustain so much of the lien by a strained construction of the statute, while holding that the balance of the lien, and for much the larger amount, was invalid. Omissions and misstatements of the character pointed out in the lien here filed have been uniformly held to invalidate the lien.

The judgment should therefore be affirmed, with costs.

(19 Misc. Rep. 460.)

BLOODGOOD v. MASSACHUSETTS BEN. LIFE ASS'N.

(Supreme Court, Special Term, New York County. February, 1897.)

1. TRUSTS — TITLE UNDER FOREIGN APPOINTMENT OF SUCCESSOR TO TESTAMENTARY TRUSTEE.
   The successor of a testamentary trustee appointed by a court of another state takes title by the will, and need not, like a foreign executor, take ancillary letters here.

2. SAME—CREATION OF ORAL TRUST IN INSURANCE.
   Where a testamentary trustee, having converted a part of the trust estate, agreed to secure the beneficiaries by insuring his life, and took out a policy payable to another as "trustee," without indicating the nature of the trust, an oral trust in the insurance fund was created.

3. INSURANCE FOR BENEFIT OF CREDITOR—ULTRA VIRES.
   A contract of insurance payable to a trustee for the benefit of an estate which was in part unlawfully converted by the insured is not void, as ultra vires, by reason of statutory provisions protecting beneficial insurance from the claims of creditors.

4. SAME—LIMITATION OF ACTION BY PROVISIONS OF POLICY.
   The provision in a policy limiting the right of recovery thereon to one year from the death of the insured is not a bar to an action brought after that time, where the policy also provides that no suit shall be begun within 90 days from the date of furnishing proofs of death, and the answer alleges that sufficient proofs have not yet been delivered.

Action by William Bloodgood, as trustee and committee, against the Massachusetts Benefit Life Association, on a policy of insurance. Judgment for plaintiff.

Henry W. Hayden (J. Langdon Ward, of counsel), for plaintiff.
J. K. Hayward, for defendant.

RUSSELL, J.    Upon written application, delivered to the defendant at the city of New York in the year 1889, the defendant delivered to Frederick Baker its policy of insurance upon his life in the sum of $5,000, agreeing to pay, upon the death of the member insured, to "William E. Bloodgood, trustee" (the name of the payee and the word "trustee" being written in the policy), "if living; if not, to the executors or administrators of said member, in trust, however, for and to be forthwith paid over to his heirs at law the sum of five thousand dollars"; the words of the policy following the name and description

of the trustee being the usual printed words in a policy insuring the lives of members. The payee named is not the plaintiff, the action being begun by the son of the payee, William Bloodgood, as testamentary trustee under the will of John Ferme, deceased, and as committee of his father, William E. Bloodgood, the latter person being insane. John Ferme, deceased, prior to 1886, died, leaving a will, by which he constituted an express trust, naming the insured, Frederick Baker, as testamentary trustee, which trust embraced a period beyond the life of one of the beneficiaries. The plaintiff, William Bloodgood, in the year 1895, was appointed the successor of Frederick Baker as testamentary trustee, by the New Jersey courts, Baker being deceased; and the plaintiff was also appointed, both in New Jersey and New York, the committee of his lunatic father, William E. Bloodgood. Prior to the year 1886 it was discovered by William E. Bloodgood, who is the husband of one of the beneficiaries under the will of John Ferme, deceased, that Baker had converted to his own use $20,000 of the trust estate, and was unable to supply its place. Thereupon it was agreed that Baker should insure his life in the sum of $20,000 to William E. Bloodgood, as trustee for the beneficiaries, and keep up the payments of premiums as security for the trust property so converted; and the policy in question is one of those issued in pursuance of that agreement. It will be thus seen that this policy belongs to the estate of John Ferme, deceased, and that the legal title is in the testamentary trustee of that estate, as a part of the trust fund originally in the hands of Frederick Baker, deceased.

1. Therefore the objection that this action cannot be maintained by the plaintiff as testamentary trustee is not well founded. A testamentary trustee is not like a foreign executor or administrator, whose appointment needs ancillary letters here. He takes title to the trust estate by the instrument itself, the same as though his legal title had been conveyed to him by deed. Toronto General Trust Co. v. Chicago, B. & Q. R. Co., 123 N. Y. 37, 25 N. E. 198. If the present plaintiff, William Bloodgood, had been named in the will as testamentary trustee, the action would have been maintainable by him upon proof in the policy, or out of it, that that policy belonged to the trust estate. He has now been clothed with the power of testamentary trustee by a judgment of a court in New Jersey having jurisdiction for that purpose, the former trustee being dead; and the courts of New York will give full faith and credit to the judgment of the court of New Jersey that the present plaintiff is the only surviving person authorized to execute the trust and holding the title to the trust property. The title of the plaintiff is forfeited by the contract itself. Prior to the death of Frederick Baker, it was essential, under the circumstances, to have two trusts. The then testamentary trustee could not well accept a trust to preserve and protect a fund which should ripen into availability and reduction to possession only upon his own death, being created as a substitute for property wrongfully converted by him. It was therefore essential to have another independent trust to carry out the purposes of the agreement. Thus, an oral trust in the insurance fund was validly created. Kane v. Gott, 24 Wend. 641. The defendant recognized the force of that oral trust by contracting

with William E. Bloodgood, trustee, and agreeing to pay him as such trustee. If the defendant desired to know the precise character of the trust, it had the power to compel information before making the contract. The plaintiff, therefore, by his appointment as testamentary trustee, and also by force of the contract, unites in his own person the title of both trusts, and is entitled to maintain and enforce them. It is very possible that as William E. Bloodgood had the legal title to payment of the insurance policy, and as he is no longer sui juris, his committee, appointed in the state of New York, has the right to enforce the contract made with the lunatic.

2. Nor is the contract of insurance void as ultra vires. The general rule is that a contract which may be beyond the power of a corporation to make will still be enforceable as against the corporation if it does not involve moral guilt. Gaslight Co. v. Claffy, 151 N. Y. 24, 45 N. E. 390. Nor do I find that from the provisions of the Massachusetts statutes, or from the terms of the policy itself, the insurance contract is outside of either. The design of both was to protect beneficial insurance from the claims of creditors, so that the beneficiaries might enjoy the fruits of the foresight of the insured. The limitations are designed to prevent collection of claims of creditors by processes in invitum, and neither their spirit nor their letter militates against the creation of insurance designed to benefit even a creditor. But this claim is more than a creditor's claim. It is a substitution of property for that which was unlawfully converted by the original trustee, and does not come within the meaning of the term "creditor insurance."

3. Nor does the contract limiting the right of recovery to one year of the death of the member avail as a defense. Considering that clause with the other clauses of the contract, so as to make it consistent with them, its construction is that the claimant must bring his proceeding to enforce within one year from the time when he has the power to do so. Hay v. Insurance Co., 77 N. Y. 235. The provisions of the policy in question compel the proofs of death with the requirements somewhat beyond those of ordinary life insurance policies. No suit can be begun within 90 days after such are furnished. Calls for additional information may protract the investigation of the circumstances of death even to the extent of the year from the death of the member; and it is a claim of the defendant in this case, as exhibited by its answer, that sufficient proofs have not yet been delivered. I am of the opinion that the plaintiff, as trustee under the will of John Ferme, and as committee of the estate of his father to whom the contract was payable, has the right of action upon the insurance policy, and is entitled to recover the amount thereof. Judgment is so ordered, with costs.

Judgment for plaintiff, with costs.