CASE 22—ACTION FOR A SETTLEMENT OF THE ESTATE OF PLAINTIFF'S INTESTATE.—MARCH 21.

## Crews v. Crews' Admr.

APPEAL FROM TRIGG CIRCUIT COURT.

JUDGMENT DENYING THE RIGHT OF DEFENDANT, H. O. CREWS, TO A PART OF THE PROCEEDS OF AN INSURANCE POLICY AND SHE APPEALS. REVERSED.

LIFE INSURANCE—PAROL TRUST IN PROCEEDS OF POLICY.

Held: Where a policy was made payable to a creditor of insured to indemnify him, a parol agreement by the creditor to hold the remainder of the proceeds of the policy, after satisfying his debt, for the benefit of the wife of insured, is enforceable as a trust, being a reasonable provision for the widow and her infant children; and therefore they are entitled to the fund as against the administrator of insured.

FENTON SIMS, FOR APPELLANT.

W. W. Crews owed Jas. T. Coleman about $375 and to secure him in payment of same, and to provide a limited protec-

Crews v. Crews' Admr.

tion to his wife, had his life insured for $1,000. The policy was dated December 10, 1889, made payable to said Coleman and delivered to him by the insured, first to indemnify Coleman for all that Crews owed him at his death, the remainder for the benefit of Crews' wife.

W. W. Crews died and appellee Hillee qualified as his administrator and brought this suit to settle the estate. The appellant, being made a defendant, filed her answer claiming the residue of the policy after Coleman was first paid. Coleman filed his answer, denying that appellant was entitled to the residue of the policy after deducting a sufficiency to pay him, and alleged if there was more than enough to pay him, the remainder belonged to H. O. Crews by direction of W. W. Crews at the time he delivered the policy to Coleman. Appellee denied the residue belonged to appellant and claimed it belonged to the creditors of the deceased, said balance being $591.77. The court adjudged said balance belonged to the creditors, and H. O. Crews has appealed.

The evidence heard, proved beyond a doubt that the policy was taken out by deceased for his wife's benefit after paying the Coleman debt, and the only question is. whether a trust or a trust estate, in personal property, may be created by parol declaration and proved and sustained by parol evidence as against the creditors of the insured?

Our contention is that such a trust may be created by parol and sustained by parol evidence.

## AUTHORITIES CITED.

Hill on Trustees, 55, 60; Berry v. Norris, 1 Duv., 303; Barkly, &c. v. Lane's Exrs., &c., 6 Bush, 587; Perry v. Redding, 9 R., 536; Roche v. George, 93 Ky., 609; U. S. Sup. Ct., 4 R., 67 (Warnock v. Davis) Kentucky Statutes, secs. 654, 655; Hess v. Hartford Ins. Co., 90 Ky., 101; Thompson v. Cundiff, 11 Bush, 567; Meadows v. Meadows, 13 R., 495.

R. A. BURNETT, FOR APPELLEES.

The appellant, Mrs. H. O. Crews claims the balance of the insurance money, after paying Coleman's debt, for the reason that the policy was made payable to Coleman to secure his debt, which has been paid, and that W. W. Crews said that the remainder of the policy was for the use and benefit of his wife, and the policy was so delivered to Coleman, and thereby such remainder was transferred to Coleman in trust for her independently of her husband's creditors, and that it equitably belongs to her.

> Our contention is, that the fact that insured told Coleman
> to pay the balance to his wife after paying his debt, and that
> the two other witnesses testified they heard insured say he in-
> tended the balance of the policy after the payment of Cole-
> man's debt, to go to his wife, if competent evidence, is not
> sufficient to create a trust fund in the hands of Coleman for
> the benefit of appellant. The policy was made payable to Cole-
> man, delivered to and held by him; no endorsement or trans-
> fer on same, and no writing or memorandum evidencing any
> transfer of assignment of the remainder after paying Cole-
> man's debt, and we claim such balance belonged to Crews' es-
> tate and is subject to the payment of his debts. Stokes v. Cof-
> fey, 8 Bush, 540; Kentucky Statutes, secs. 654, 2128.

OPINION OF THE COURT BY CHIEF JUSTICE GUFFY—REVERSING.

H. W. Crews in 1889 was indebted to one Jas. T. Coleman
to the extent of several hundred dollars, and in December,
1889, procured from the Equitable Life Assurance Society
of the United States a policy of life assurance, on the 20
year endowment plan, in the sum of $1,000, and had the
same made payable to the said Jas. T. Coleman, his creditor,
which was delivered to him by the insured for the purpose,
first, of indemnifying or securing to Coleman the amount of
Crews' indebtedness to him, and, according to the claim of
appellant, the residue of the policy was to be paid to the
appellant, the wife of said Crews. Crews died before the
expiration of the 20 years, and suit was instituted by his
administrator, H. L. J. Hillee, for a settlement of the estate
of the said decedent, in which it was claimed that the resi-
due of the policy aforesaid, after paying Coleman's debts,
which were alleged to be a certain sum, should be paid over
to the administrator for the benefit of the creditors. Some
controversy arose between the administrator and Coleman,
and perhaps between Coleman and the appellant. This
controversy, however, was adjusted, and Coleman's claim
fixed at $408.23. The insurance company paid the $1,000

into court, and the controversy them was between the administrator and the widow, the appellant. The court, upon final hearing, adjudged in favor of the administrator, and directed that the residue of the $1,000 left after the payment of Coleman's claim be paid over to the administrator, which residue seems to have been $557.77.

It is the contention of appellee that the residue of the $1,000 was properly assets to be paid over to him to be used by him in the payment of the debts due from decedent, there not being sufficient assets to pay the same. It is the contention of appellant that the insurance policy purchased and provided for by the decedent was first for the benefit of Coleman, the creditor, and that the residue was to be paid to her, and that the policy was placed in the hands of Coleman in trust for the purpose aforesaid, and that Coleman accepted the trust and held the policy until after the death of said Crews. That Crews did make that arrangement with Coleman is proven by Coleman. That he intended the residue of the policy to be paid to and owned by his wife is proven by at least two other witnesses, and no other evidence was introduced. The evidence also conduces to show that taking into consideration the existing conditions, and the fact that he had a wife and several infant children, this small provision made for his wife for her benefit, and, of course, incidentally for the benefit of the infant children, was not an unreasonable provision, or one prohibited by law. A trust may be created by parol of and concerning personal property. This proposition of law has been often decided by this court. Berry v. Morris, 1 Duv., 303; Barkley v. Lane's Ex'r, 6 Bush, 587; Roche v. George's Ex'r, 93 Ky., 609 (14 R., 584) (20 S. W., 1039). We think the evidence clearly establishes the trust.

It therefore follows that the judgment appealed from is er-·
roneous.   The same is reversed, and the cause remanded,
with directions to the court below to adjudge to appellant
the residue of said $1,000 insurance policy left after the
payment of Coleman's debt, and for proceedings consistent
herewith.