CHARLES S. ALEXANDER, Plaintiff in Error, v. SOVEREIGN CAMP OF WOODMEN OF THE WORLD and MARY E. ALEXANDER, Defendants in Error.

Kansas City Court of Appeals, May 1, 1916.

1. **FRATERNAL BENEFICIARY ASSOCIATIONS: Agreement with Beneficiary Creating Trust.** Insured, while unmarried, obtained a fraternal insurance policy on his life naming his brother as beneficiary therein. Under the contract he had a right to change the beneficiary at any time without the consent of the named beneficiary. Afterwards he married, and, when about to make his wife beneficiary, his brother made an agreement that if he would allow him to remain as beneficiary, so as to have the policy as security for a debt insured owed him, he, the brother, would, upon insured's death, collect the policy, and, after paying whatsoever was due upon the debt, would pay the remainder to the insured's wife: *Held,* that this created a trust in the named beneficiary which the insured's widow could enforce against the brother after the insured's death as to the surplus remaining over and above the amount of the debt.

2. ———: ———: **Statute of Frauds.** The enforcement of such a contract in no way violates the Statute of Frauds.

3. **WITNESSES: Incompetency: Waiver.** The contract the widow sought to enforce was not one between herself and her husband but one made by her husband with the beneficiary for her benefit and of which she was cognizant. The contract was between two living persons. But even if the widow was incompetent, since the plaintiff took her deposition in reference to the issues involved, prior to the trial, this had the effect of waiving her incompetency if she was incompetent.

Error to Buchanan Circuit Court.—*Hon. Chas. H. Mayer,* Judge.

AFFIRMED.

*Ferrell & Zwick* for plaintiff in error.

*W. B. Norris* and *Wm. Morton* for defendants in error.

TRIMBLE, J.—This is a controversy between the brother and the widow of one Conrad Alexander, over the proceeds of a fraternal benefit certificate held by the deceased in the Woodmen of the World a fraternal insurance organization.

The benefit certificate, or policy, was issued January 19, 1889, for $2000, and Charles S. Alexander was named as beneficiary therein. It seems that at that time the insured was a bachelor. He afterwards on November 7, 1900, married Mary E. Alexander, and up to his death in April, 1914, he and his wife paid all the assessments or premiums due thereon, and, for five or six years prior to the date of his death, his widow had possession of the policy. The by-laws of the company provided that the insured might change the beneficiary at any time.

It seems that Conrad, the insured, had borrowed $1200 and secured the note by a deed of trust on some property in St. Joseph, but for some reason, possibly desiring an extension of time in which to pay it, asked his brother Charles to take up the note and hold it. At this time the insured was about to change the beneficiary in the policy from Charles S. Alexander, his brother, to insured's wife, Mary E. Alexander. It was well known between them that if Charles advanced the money and took up the loan and Conrad should

die before it was paid, Charles would be compelled to foreclose the deed of trust, and the latter did not want to be placed in that position. It was thereupon agreed that if Conrad, the insured, would not change the beneficiary, Charles would advance the $1200 and after Conrad had paid it back he could then change the policy so as to make his wife the beneficiary. In this way the policy would remain as security for the money, in addition to the deed of trust, and, if at any time before the $1200 was fully repaid, Conrad should die, Charles agreed that he would retain enough out of the proceeds of the policy to pay whatever of the debt was due him and would pay the remainder over to Mary E. Alexander. This agreement was made some years before Conrad's death and, as stated, Conrad and his wife paid the premiums, and kept the policy in force. During this time it remained in the wife's possession.

About the 3rd of April, 1914, Conrad wrote his brother that he had the money to pay off the $1200 and would then change the policy. Before this could be done, insured was shot and killed by another brother.

The insurance company was willing to pay the amount of the policy but did not know to whom it should be paid.

Charles thereupon brought this suit against the insurance company for the full amount of the policy. The company answered admitting liability but saying it did not know to whom the money should be paid. It, therefore, paid the money into court and prayed that Mary E. Alexander be made a party defendant and that plaintiff and she be required to interplead.

This was done, and Mary E. Alexander filed an answer setting up the foregoing contract and agreement, and stating that said $1200 with interest was due plaintiff, and asking that he be paid the amount of said debt and interest and that the remainder of said $2000 be paid to her.

No answer or denial of the claim of said inter-pleader was filed by plaintiff, Charles S. Alexander, but the issue between them was litigated before a jury. There was no evidence offered contradicting the evidence of the contract between the two brothers, and the evidence thereof stands undenied, uncontradicted, and unimpeached. The jury found a verdict awarding plaintiff, Charles S. Alexander, the sum of $1301.60 of the $2000, in full payment of his debt, and the remainder $698.40 to interpleader Mary E. Alexander. The plaintiff appeals claiming that he is entitled to the entire proceeds of the policy.

It is urged that Mrs. Alexander was incompetent to testify because her husband was dead. It may be observed that the contract interpleader was seeking to enforce was not one between herself and her husband, but one made by her husband with plaintiff for her benefit, and of which she was cognizant. And the contest here is between two living persons. But, whether Mrs. Alexander was a competent witness or not, the record discloses that plaintiff took her deposition in reference to the issues involved prior to the trial and this had the effect of waiving her incompetency if she was incompetent. [Borgess Inv. Co. v. Vette, 142 Mo. 560; Rice v. Waddill, 168 Mo. 99.] In addition to this, we do not find that the matter was called to the attention of the trial court in the motion for new trial. It has been held that the objection that the court admitted incompetent, irrelevant and immaterial *testimony* is not sufficient to preserve an objection to the competency of a *witness* to testify. [Howard v. Hurst, Admr., 163 Mo. App. 641.]

The plaintiff had no vested interest in the policy. [Masonic etc. Assn. v. Bunch, 109 Mo. 560; Grand Lodge A. O. U. W. v. McFadden, 213 Mo. 269.] Conrad Alexander had the right to change the beneficiary at any time. By reason of the promise of plaintiff to

pay the proceeds, over and above the debt, to Mrs. Alexander, he was allowed to remain as beneficiary therein. It was only by reason of this undertaking on the part of the plaintiff that he was allowed to retain his position as beneficiary in the policy. This created a trust for the benefit of Mrs. Alexander as to the part of the proceeds of the policy over and above the amount of the debt remaining unpaid at the time of Conrad's death. [Kerr v. Crane, 212 Mass. 224; Catland v. Hoyt, 78 Me. 355; Devries v. Hawkins, 70 Ned. 656; Steller v. Sell, 37 Atl. 1010; Hurd v. Doty, 86 Wis. 1; Schomaker v. Schwebel, 204 Pa. 470.] In Donithen v. Independent Order of Foresters, 209 Pa. 170, 58 Atl. 142, an elder brother of insured, named as beneficiary in a benefit certificate, was held to be a trustee for the insured's widow under circumstances closely analogous, in many respects, to this case. While it is true the enforcement of such a trust is a matter of equitable jurisdiction, yet some courts have permitted a recovery at law, applying the general doctrine that a third person may sue upon a contract made for his benefit. [Waterhouse v. Waterhouse, 29 R. I. 485; Catland v. Hoyt, supra; Devries v. Hawkins, supra; Ellis v. Harrison, 104 Mo. 270; Cowen v. Hurst, 83 N. W. 274; Katz v. Witt, 134 N. Y. Supp. 675.]

The suit brought by plaintiff was one at law and if the controversy now before us is one in equity it became so by reason of the pleading filed by Mrs. Alexander. It seems to us to matter little whether the case be deemed to be in equity or not, since if we are to weigh the testimony, we agree with the result reached by the jury and the trial judge. Therefore, conceding that the case before us is in equity, the result is not changed.

Neither does the enforcement of the contract herein violate the Statute of Frauds. [Northrip v. Burge, 255 Mo. 641; Hirsh v. Auer, 146 N. Y. 13; Crews v.

Crews, 67 S. W. 276; Harris Banking Co. v. Miller, 190 Mo. 640, l. c. 664; Coyne v. Supreme Conclave, 66 Atl. 704.]

So far from the evidence failing to establish the trust, we think it was ample to show it. In addition to the testimony in regard thereto, the "situation of the parties, their surroundings and the motives which prompt and control the conduct of people situated as they were" lead irresistibly to the conclusion that the contract was as interpleader claimed it to be. [Doni-then v. Independent Order of Foresters, 209 Pa. 170, 58 Atl. 142.]

It follows that the objection leveled against inter-pleader's instruction No. 1, upon the ground that there was no evidence to support it, is untenable. While the instruction specified the exact amounts to be found for plaintiff and interpleader respectively, in case the find-ing was for interpleader at all, yet plaintiff expressly disclaimed any intention of objecting to it on that ground.

Under the judgment plaintiff obtains payment of his debt and interest in full and the widow gets the balance of the fund in strict accord with the terms of the contract. We see no reason for interfering with the judgment and it is accordingly affirmed. All con-cur.