(102 So. 229)

LASHLEY et al. v. LASHLEY et al.
(5 Div. 901.)

(Supreme Court of Alabama. Dec. 4, 1924.)

1. Trusts ⬤⟿37—Oral agreement, between designated beneficiary of life insurance and insured, as to sharing proceeds with others held to create valid trust.

Oral agreement, between beneficiary designated in war risk insurance and insured, that proceeds should be shared with brothers and sisters of former *held* to create valid, enforceable trust; creation of trust being contingent, and not impairing right of insured to change beneficiary, especially where designated beneficiary recognized trust after death of insured.

2. Parties ⬤⟿35—Beneficiary declining to become party plaintiff, in action to declare trust, properly made defendant.

Where beneficiary of proceeds of life insurance declined to become party complainant, in action to declare trust therein, he was properly made defendant.

Appeal from Circuit Court, Randolph County; N. D. Denson, Judge.

Bill in equity by W. R. Lashley, Ace Lashley, J. J. Lashley, Mrs. Minnie Morris, Mrs. Lera Moncus, and Whit Lashley against Will T. Lashley and J. D. Lashley. From a decree overruling demurrer to the bill, respondents appeal. Affirmed.

The bill alleges that Manning Lashley died in 1919, leaving surviving him his brothers and sisters, the parties to this suit; that by reason of his enlistment in the United States Army said Manning was entitled to the benefits of the War Risk Insurance Act (approved October 6, 1917 [U. S. Comp. St. 1918; U. S. Comp. St. Ann. Supp. 1919, § 514a et seq.]), and proposed to Will T. Lashley that he be named as beneficiary, for the use and benefit of himself and the other brothers and sisters, in a policy for which he intended to apply; that Will T. agreed to this proposal, and said Manning did apply ·for and obtain a policy or certificate of insurance under said act in the sum of $10,000, wherein Will T. was named as beneficiary, as agreed between himself and the assured; it being then and there the intent and purpose and agreement of the assured and the beneficiary that payment or payments under the policy should be made to the beneficiary for the use and benefit of himself and the brothers and sisters named.

It is further averred that since the death of the assured said Will T. Lashley has been paid, as beneficiary, the monthly installments provided by the policy, and will continue to do so for the full period of 20 years; that he has expressly recognized the rights of complainants as cestuis que trust, under the arrangement between himself and the assured; that it was agreed among the parties that a portion of the monthly installments paid under the policy should be devoted to the erection of a monument over the grave of the assured, and that at divers other times said Will T. Lashley has recognized the rights of the complainants, and agreed that at the expiration of every 12 months' period the net proceeds would be divided among them; that, notwithstanding such agreement, respondent has failed or refused to pay said funds to complainants.

It is alleged that J. D. Lashley declined to permit the use of his name as a complainant, and, being entitled to share in the benefits of the policy, is made a party respondent. It is prayed that Will T. Lashley be decreed a trustee of the proceeds heretofore paid and hereafter to be paid to him as such beneficiary; that the amount paid out by him on account of the monument be ascertained, and the balance in his hands ordered to be distributed among the parties; that personal decree be rendered against him, if necessary; and that the cause be retained for enforcement during the pendency of the trust.

Stell Blake, of Roanoke, for appellants.

No subject-matter existed upon which a trust might be impressed. Fisher v. Donovan, 57 Neb. 361, 77 N. W. 778, 44 L. R. A. 383; Sinking Fund Com'rs v. Walker, 6 How. (Miss.) 143, 38 Am. Dec. 433; Purcell's Adm'r v. Mather, 35 Ala. 570, 76 Am. Dec. 307; Vandegrift & Sons v. Hawkins, 160 Ala. 430, 49 So. 754; Windham & Co. v. Stephenson, 156 Ala. 341, 47 So. 280, 19 L. R. A. (N. S.) 910, 130 Am. St. Rep. 102; Young v. Hall, 4 Ala. App. 603, 58 So. 789; U. S. Comp. Stat. 1918 (West Pub. Co.) § 514uuu; 3

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Michie's Ala. Dig. 317. A constructive trust does not apply to a promise made before the application for a life insurance policy in which a change of beneficiary is optional with the assured. Slaughter v. Grand Lodge, 192 Ala. 301, 68 So. 367; Hoeft v. K. of H., 113 Cal. 91, 45 P. 185, 33 L. R. A. 174; Titsworth v. Titsworth, 40 Kan. 571, 20 P. 213; Royal Arcanum v. Behrend, 247 U. S. 399, 38 S. Ct. 522, 62 L. Ed. 1182, 1 A. L. R. 966; 26 R. C. L. 1171; Rollins v. McHatton, 16 Colo. 203, 27 P. 254, 25 Am. St. Rep. 260; Comm. v. Duffield, 12 Pa. 279; N. W. Assn. v. Jones, 154 Pa. 99, 26 A. 253, 35 Am. St. Rep. 810; Sabin v. Phinney, 134 N. Y. 423, 31 N. E. 1087, 30 Am. St. Rep. 681; Arthur v. Odd Fellows, 29 Ohio St. 557; Niblack on Mut. Ben. Soc. § 166; Bacon on Benefit Soc. § 306. No decree should be made without the consent of. the United States government. Stoelker v. Thornton, 88 Ala. 241, 6 So. 680, 6 L. R. A. 140; Moon v. Hines, 205 Ala. 355, 87 So. 603, 13 A. L. R. 1020; Prigg v. Pennsylvania, 16 Pet. 539, 10 L. Ed. 1060; N. Y. C. v. Winfield, 244 U. S. 147, 37 S. Ct. 546, 61 L. Ed. 1045, L. R. A. 1918C, 439, Ann. Cas. 1917D, 1148, note.

W. W. Sanders, of Elba, for appellees.

An oral promise by a beneficiary in a life insurance policy to pay the proceeds of such policy, or a portion thereof, to a third person, is a valid and enforceable trust. 26 R. C. L. 1194; Hurd v. Doty, 86 Wis. 1, 56 N. W. 371, 21 L. R. A. 746; Kerr v. Crane, 212 Mass. 224, 98 N. E. 783, 40 L. R. A. (N. S.) 692; Cowin v. Hurst, 124 Mich. 545, 83 N. W. 274, 83 Am. St. Rep. 344; Janes v. Falk, 50 N. J. Eq. 468, 26 A. 138, 35 Am. St. Rep. 783; Clark v. Callahan, 105 Md. 600, 66 A. 618, 10 L. R. A. (N. S.) 616, 12 Ann. Cas. 162; Coyne v. Supreme Conclave, 106 Md. 54, 66 A. 704, 14 Ann. Cas. 870.

ANDERSON, C. J. "In accordance with the rule that an enforceable trust in personal property may be created orally, it has been uniformly held that an oral promise by a beneficiary in a life insurance contract to pay the proceeds of such policy or a portion thereof to a third person is a valid and enforceable trust. Crews v. Crews, 113 Ky. 152, 67 S. W. 276; Catland v. Hoyt, 78 Me. 355, 5 A. 775; Clark v. Callahan, 105 Md. 600, 66 A. 618, 12 Ann. Cas. 162, 10 L. R. A. (N. S.) 616; Hirsh v. Auer, 146 N. Y. 16, 40 N. E. 397; Bloodgood v. Massachusetts Ben. Assoc., 19 Misc. Rep. 460, 44 N. Y. S. 563. See, also, Janes v. Falk, 50 N. J. Eq. 468, 26 A. 138, 35 Am. St. Rep. 783. In Hirsh v. Auer, supra, * * * the beneficiary in a life insurance policy agreed verbally to collect the money, and, after paying a certain amount for the funeral expenses of the insured, to divide the remainder equally among his children. In an action by the children against the beneficiary to recover their share, the court said: 'Trusts may be created in personal property by parol, and no particular form of words is required to accomplish the result. * * * The statutes of this state do not define the objects for which trusts in personal property may be created, and if they are not against public policy and do not contravene any existing provisions of law they will be enforced. The fact that the trust dealt with a contingent interest of the insured in the certificate of insurance is of no moment; that interest became vested at the death of the insured, and the beneficiary having collected the insurance money, the trust under the agreement creating and acknowledging it attached to the fund.' In Crews v. Crews, 113 Ky. 152, 67 S. W. 276, it appeared that a husband insured his life for the benefit of a creditor. The beneficiary promised verbally that after satisfying his claim he would pay the remainder of the money received on the policy to the wife of the insured. In a contest between the wife and the husband's administrator, it was held that the trust was a valid and reasonable one, and that the wife was entitled to the money. In an action to recover from a beneficiary in a life insurance policy the amount that he orally promised to pay to a third person, evidence to show the verbal promise does not tend to vary the contract of insurance, but rather to establish a new and independent contract of trust in the proceeds of the insurance. Catland v. Hoyt, 78 Me. 355, 5 A. 775." Coyne et al. v. Supreme Conclave of Improved Order of Heptasophs et al., 106 Md. 54, 66 A. 704, 14 Ann. Cas. 870.

[1] We may add that our statutes do not forbid the creation of a trust as to personalty by parol. Reid v. Bank of Mobile, 70 Ala. 199; Moore v. Campbell, 113 Ala. 587, 21 So. 353. Nor are we persuaded that the line of cases against mortgages on property which has no potential existence applies to the present case, for, while the trust fund was contingent, it became vested upon the death of the insured, and became subject to the trust ingrafted thereupon. Moreover, while it may not have been necessary, the bill charges an express recognition of the trust by the trustee subsequent to the death of the insured. We find nothing in the federal statutes or the policy which forbids this trust or the enforcement of same in the courts of this state. The creation of the trust was contingent, and did not impair the right of the insured to redesignate or change the beneficiary at any time before his death.

[2] The demurrers are to the bill as a whole, and the learned trial court declined to rule upon same, so far as applicable to certain parts of the bill, and which was in accord with the decisions of this court. McMahon v. McMahon, 170 Ala. 338, 54 So. 165. It is sufficient, however, to suggest that it

was not improper to make one of the beneficiaries under the trust a party respondent when he declined to become a party complainant. Having an interest in the subject-matter, he was a proper, if not a necessary, party.

The decree of the circuit court is affirmed. Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.