(122 So. 314)

**LASHLEY et al. v. LASHLEY et al.
(5 Div. 10.)**

Supreme Court of Alabama.  May 9, 1929.

Walter S. Smith, of Birmingham, appellants.

C. L. Rowe, of Elba, and Vann & Parker, of Roanoke, for appellees.

SAYRE, J. The contention here is between kinspeople who claim an interest in the fund created by a war insurance policy on the life of H. M., or Manning, Lashley, who died in a military camp in January, 1919. Deceased had the policy made payable to appellant Will T. Lashley, his eldest brother. Appellees, who filed the bill and had a decree in the equity court, are brothers and sisters of the deceased. Still another brother refused to join in the bill. He was therefore made a party defendant. The appeal is prosecuted by the brother Will T., a severance in the assignment of errors having been ordered. Appellant has been in receipt of monthly payments from the government for some years. As to so much of the insurance money, personalty, as has passed into his hands a parol trust may be enforced. It was so decided on a former appeal (212 Ala. 255, 102 So. 229), and that decision is in line with the authorities generally. Bishop v. Bishop, 13 Ala. 475 (explained in Patton v. Beecher, 62 Ala. 579, without, however, affecting its application to the case in hand); 3 Pom. Eq. Jur. (4th Ed.) § 1008. As to the amount due to be paid hereafter and still in the hands of the government, it is seriously doubted that the courts of the state have any authority. But the view we take of the case makes it unnecessary to decide that question.

The case in hand fairly well illustrates the difficulty and the danger involved in the attempt to establish a parol trust, and that difficulty and the danger of error have in turn established the rule that every such trust must needs be proved by clear and unequivocal evidence. 3 Pom. Eq. Jur. (4th Ed.) § 1008, where, in the footnote, numerous cases are cited.

The contest, as we have noted, is between brothers and sisters of the deceased, one brother taking no active part in the litigation, but by his testimony giving evidence of his faith in the justice of appellants' contention that the fund was made payable to him with the understanding that he might do as he pleased with it—in effect, that he might "give them all some" or might use the entire amount for his own benefit. The record of the evidence abounds in contradictions; but the weight of it appears to lie on the side of the proposition that deceased intended the fund for the benefit of his brother, appellant, and his wife, because they had been "good to him," by the quoted phrase referring to the fact that he, an orphan, had lived with them for most of the time since his fifteenth or sixteenth year and they had

cared for him as one of their children. He seems to have expressed himself to the effect that appellant might, if he so pleased, "give them all some"; but that expression falls far short of imposing the obligations of a trust. Appellees adduced evidence tending to show that deceased, when at home for the Christmas holidays, 1918, expressed himself as desiring that all his brothers and sisters —with one exception, a sister whose husband had killed her father—should have a part in the insurance money in the event of his death. But there is no doubt that he made the policy payable to appellant, thus imposing a heavy burden of proof on appellees, and it appears to be probable that upon the occasion of its delivery by mail to appellant while deceased was home with appellant for the holidays he had said that he intended the policy for him to do as he pleased with it—at least appellant, some of his children and another witness so testify. Subsequent statements to the contrary, alleged to have been made by appellant, are to be considered for what they are worth in the way of contradiction or impeachment, but cannot, of themselves, suffice to establish a trust. The conditions upon which appellant took the proceeds of the policy had already been determined by the insured. There is conflict in the testimony throughout, but, as we have said, the weight of it appears to rest with appellant. At least, and very certainly, it cannot be affirmed with any confidence that the trust which the bill seeks to establish has been proved by clear and unequivocal evidence. Our judgment is that the decree should be reversed and appellees' bill dismissed.

It is so ordered.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and FOSTER, JJ., concur.