14164

LEGRANDE v. LEGRANDE

(182 S. E., 432)

*Mr. John Edens,* for appellant,

*Messrs. Edwin H. Cooper* and *John Hughes Cooper,* for respondent,

November 7, 1935.

The opinion of the Court was delivered by MR. G. DEWEY OXNER, ACTING ASSOCIATE JUSTICE.

Plaintiff in this case was the wife and the defendant the mother of Edward Horace Legrande, who died in the Baptist Hospital, in the City of Columbia, on December 26, 1932. Seven or eight years prior to his death he was insured under a group policy of insurance, issued by the Ætna Life Insurance Company to the employees of the City of Columbia. This insurance certificate was in the sum of $2000.00 and designated assured's mother, the defendant-appellant herein, as beneficiary. The plaintiff and the said Legrande were married in 1926. Defendant resided with her son and daughter-in-law for three or four years prior to his death. For some reason, Legrande did not keep the certificate of insurance at his home, and his wife, while she knew of the existence of same, had never seen the certificate. The beneficiary designated in said certificate was never changed. Some few months prior to his death, Legrande turned the insurance certificate over to Gary Paschal, Esquire, of Columbia, to investigate the disability feature,

and shortly after the death of Legrande, Mr. Paschal, as attorney for defendant-appellant, collected the amount of the policy. Mr. Paschal paid the net proceeds, amounting to $1,455.00, after deduction of fees and costs, to the mother, defendant-appellant in this action, as the beneficiary designated in said policy of insurance.

Plaintiff alleges in her complaint that a few days prior to the death of her husband, Edward Horace Legrande, he summoned her and his mother to his bedside and informed them of the existence of said policy; that he stated he wanted his wife to receive one-half of the benefits of said policy; that he had a right to change the beneficiary at any time, which he would exercise, if necessary, in order to accomplish this purpose; that thereupon defendant agreed with her son that she would hold said policy for the benefit of herself and plaintiff, and, upon his death, would collect the proceeds and distribute them equally between herself and the plaintiff; and that, in reliance upon this promise, Legrande agreed not to change the beneficiary and made no attempt to do so. Plaintiff further alleges that the defendant breached said agreement by failing to pay over to her any part of the proceeds of said insurance. She seeks to recover judgment against the defendant for one-half of the amount of said policy, and have the proceeds of said insurance impressed with a trust for the payment of such judgment.

In her answer, defendant denied that there was any such agreement made by her, or that plaintiff is entitled to any portion of said proceeds of insurance collected by her. She alleges, as a second defense, that said policy "contained a provision and clause to the effect that the beneficiary could only be changed by written request to the office of the company, together with said policy of insurance, so that such change of beneficiary might be endorsed on said policy"; and that there had been no change of beneficiary in compliance with the provision of said policy. As a third

defense, she alleges that the alleged agreement set up in the complaint is testamentary in character, which does not comply with the statutory law of this State, and there could be no recovery thereunder. Further, as a fourth defense, she alleges that such alleged agreement is without consideration or mutuality, and therefore unenforceable.

At the trial, defendant made a motion for a nonsuit at the close of plaintiff's testimony, which was refused; and, at the close of all the testimony, a motion for a directed verdict, which was refused. The case was submitted to a jury, resulting in a verdict for plaintiff for one-half of the net proceeds of said insurance. Motion for new trial by defendant was overruled. From judgment entered on said verdict, defendant appeals, and by her exceptions imputes errors on the part of the Court in refusing the motion for nonsuit and directed verdict, in the admission and exclusion of certain testimony, and in its charge to the jury.

For a proper understanding of these exceptions, a brief review of the testimony is necessary. In support of the alleged agreement set out in the complaint, plaintiff testified, in substance, that on the occasion of her husband's last illness, just before leaving home for the hospital, the following conversation took place between herself, her husband, and his mother: Her husband stated that he did not know whether he would return alive from the hospital, informed them of the policy in question, and further stated that he wanted this insurance equally divided between his mother and his wife; that, if such could not be carried out, he had a right to change the beneficiary at any time. Thereupon defendant, his mother, stated: "Son, don't worry about your insurance. That will be carried out just like you say. I promise you that it will be equally divided between me and your wife, and I promise you we will try to get along the best we can." Plaintiff testified that immediately after this the ambulance came and her husband was carried to the hospital, where he later died. Plaintiff's

daughter, by a former marriage, testified that she was present when the above conversation took place and corroborated her mother's testimony. Several other witnesses testified as to statements alleged to have been made by defendant, tending to show a promise on her part to equally divide the proceeds of such insurance. Defendant, in her testimony, denied the existence of any such agreement or any promise on her part to pay any portion of the proceeds of said policy to the plaintiff.

We shall not consider the exceptions *seriatim*.

Appellant objected to that portion of the conversation wherein the deceased was alleged to have stated that he had a right to change the beneficiary at any time upon the grounds (1) that the policy would be the best evidence as to the right to change the beneficiary, and (2) that it was hearsay. The objection was overruled. It is urged that this testimony was incompetent. The policy was not introduced in evidence, nor does the testimony disclose where it was. The trial Judge inquired of counsel as to the whereabouts of the policy, to which appellant's counsel replied that his information was that it was delivered to the Ætna Life Insurance Company. In order to establish the right of the assured under a policy of insurance to change the beneficiary, ordinarily, the policy would have to be produced or its production excused. But the right to change the beneficiary is, for the purpose of this case, sufficiently shown by the pleadings. The complaint alleges that insured "had a right, under the terms of the policy, to change the beneficiary at any time." The answer alleges that the policy "contained a provision and clause to the effect that the beneficiary could only be changed by written request to the office of the company together with said policy of insurance, so that such change might be endorsed on said policy." As was said in the case of *Henry Mercantile Co. v. Railway Co.*, 104 S. C., 478, 89 S. E., 480, 481, the essential fact "was not a disputed question." The

second objection to this testimony, to the effect that it was hearsay, is not well taken for the reason that the record shows that appellant was present and took part in the conversation.

It is contended that the Court erred in refusing the motions for nonsuit and directed verdict upon the following grounds: (1) That there was no evidence that assured reserved the right to change the beneficiary; (2) that the alleged agreement is testamentary in character and the evidence is not sufficient under the statute of wills; (3) that there was no consideration for the alleged agreement and it lacked mutuality of obligation; (4) that there was no proof of a contract of any kind which would enable respondent to maintain this action.

The first ground has been fully considered in disposing of the question of the admissibility of testimony relating to the right to change the beneficiary.

The second, third, and fourth grounds will be considered together.

It seems that a contract of the character sought to be enforced in this action has not heretofore been passed upon by this Court. Such contracts, however, have been frequently passed upon and upheld by Courts of other jurisdictions, and the applicable principles of law are not new in this State.

Courts of other jurisdictions are almost unanimous in holding that a promise by the beneficiary to the insured to collect and pay the whole or part of the proceeds of a policy of insurance to a third person is valid and enforceable as against the promisor, and that such promise may be by parol agreement. Most jurisdictions proceed upon the theory that such an arrangement raises a trust in favor of such third person which is enforceable in equity. *Kerr v. Crane,* 212 Mass., 224, 98 N. E., 783, 784, 40 L. R. A. (N. S.), 692; *Hirsh v. Auer,* 146 N. Y., 13, 40 N. E., 397; *Clark v. Callahan,* 105 Md., 600, 66 A., 618, 10 L. R. A. (N.

S.), 616, 12 Ann. Cas., 162; *Lashley v. Lashley*, 212 Ala., 255, 102 So., 229; *Gurnett v. Mutual Life Ins. Co.*, 356 Ill., 612, 191 N. E., 250, 253.

It is generally held that the enforcement of such a trust is a matter of equitable jurisdiction. *Alexander v. W. O. W.*, 193 Mo. App., 411, 186 S. W., 2. However, some Courts have permitted a recovery at law, applying the general doctrine that a third person may sue upon a contract made for his benefit. *Waterhouse v. Waterhouse*, 29 R. I., 485, 72 A., 642, 22 L. R. A. (N. S.), 639.

It does not seem that this case was tried in accordance with usual equity practice, but was submitted to the jury as a law case. There is no complaint, however, about the procedure.

The case of *Waterhouse v. Waterhouse, supra,* is very similar to the case at bar. In that case the husband of plaintiff held a life insurance policy for $5,000.00 with his mother designated as beneficiary, reserving the right to change the beneficiary. The assured suffered a serious illness, and requested his mother to deliver the policy to him in ordr that he might change the beneficiary so that one-half of the amount of said policy would be payable to his wife and the remaining half to his mother. The mother verbally agreed to pay one-half of the proceeds of said policy to assured's wife, and, relying on that promise, the beneficiary was not changed. Thereafter assured died, and the mother collected the insurance and refused to carry out the alleged promise. The Court held that this contract was enforceable. It was contended by the mother that the alleged contract was without consideration. In disposing of this contention, the Court said: "The defendant's son suffered a detriment in forbearing to exercise a legal right and the defendant suffered a detriment in her promise to pay the plaintiff one-half of the proceeds of the policy, since this was an act which she was under no legal duty to perform."

In *Lashley v. Lashley, supra,* there was an oral agreement between a beneficiary in a war risk insurance policy

and insured, whereby the proceeds should be shared with the brothers and sisters of the former. The Court held that this agreement created a valid, enforceable trust. The Court said: "In accordance with the rule that an enforceable trust in personal property may be created orally, it has been uniformly held that an oral promise by a beneficiary in a life insurance contract to pay the proceeds of such policy or a portion thereof to a third person is a valid and enforceable trust."

The Court in *Kerr v. Crane, supra,* in denying the contention that such contracts are without consideration, said: "The beneficiary retained his position by reason of his undertaking, and that was consideration enough."

As to the second ground to the effect that the alleged agreement is testamentary in character, this is not a case in which the deceased undertook to make a testamentary disposition of his property. "A policy of life insurance is not deemed an asset of the estate of the insured unless it is made payable to him, his executors or administrators. The mere fact that the insured may change the beneficiary does not make the policy or its proceeds a part of his estate." *Gurnett v. Mutual Life Insurance Co., supra.*

In disposing of a similar contention, the Court, in *Kendrick v. Ray,* 173 Mass., 305, 53 N. E., 823, 824, 73 Am. St. Rep., 289, said: "We discover nothing which rendered the trust invalid on grounds of public policy, or inoperative as an attempted testamentary disposition of property."

The foregoing principles, while not heretofore passed upon by our Court as applied to contracts for the payment of proceeds of insurance policies, have been applied to contracts to give the beneficial interest in the whole or part of property conveyed or devised to a third person. In *Stuckey v. Truett,* 124 S. C., 122, 117 S. E., 192, 195, Mr. Justice Cothran quotes the following with approval: "If one procures a devise by promising the testator to give the beneficial interests in the whole or a part of the property to a third person, he will be regarded as holding in trust for

such person." Also, see *Towles v. Burton,* Rich. Eq. Cas., 146, 24 Am. Dec., 409.

In connection with the foregoing views, it may be added that, while a trust of this character may be created by parol, to establish same the evidence must be clear, definite and convincing.

We think the County Judge properly overruled all grounds of the motions for nonsuit and directed verdict.

By Exception 5 appellant contends that the Court erred in failing to define to the jury the essential elements of a contract of this kind, and in failing to define a valuable consideration. No request to charge to this effect was submitted, and, at the close of his Honor's charge, he asked if there were any general propositions, under the theory he had submitted it, that were left out. Appellant's attorney answered in the negative. If appellant desired further instructions to the jury along the line now complained of, counsel should have so informed the Court. This exception is overruled.

It appears that appellant incurred certain bills for medical and funeral expenses on account of her son's illness and death. These bills were introduced in evidence by appellant. In the sixth exception it is urged that the Court erred in not permitting the jury to give consideration to these bills. Such bills were not a proper charge upon the insurance money. The insurance money did not constitute an asset of the estate of the deceased. This exception is overruled.

The third and seventh exceptions relate to the refusal of the Court to permit certain witnesses to testify as to conversations which they are alleged to have had with assured shortly before he died concerning his insurance. These exceptions must be overruled for the reason that the record fails to disclose sufficiently the testimony appellant expected from these witnesses. Counsel for appellant did not ask that the jury be excused, the wit-

nesses examined, so that the exact testimony desired to be introduced might appear in the record. Neither did counsel state to the Court what he proposed to prove by these witnesses. One of these two methods should have been pursued. *Chandler v. People's National Bank,* 140 S. C., 433, 138 S. E., 888, 889. In that case this Court said: "We agree with the principle of practice that this Court should not reverse a cause for failure to admit testimony, unless the record on appeal to this Court shows fairly what the rejected testimony would have been."

It is the judgment of this Court that all exceptions are overruled and the judgment of the lower Court be, and it is hereby, affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM, and MR. ACTING ASSOCIATE JUSTICE A. L. GASTON concur.