### OLIVARES et al. v. OLIVARES.

### No. 11265.

Court of Civil Appeals of Texas. San Antonio.

March 24, 1943.

Rehearing Denied April 21, 1943.

Kelley & Looney and L. Hamilton Lowe, all of Edinburg, and John A. Pope, Jr., of Rio Grande City, for appellants.

Arnold J. Vale, of Rio Grande City, and Chas. E. Thompson, of McAllen, for appellee.

MURRAY, Justice.

Maria D. Olivares de Davila, joined pro forma by her present husband, Faustino Davila, has appealed from a judgment of the District Court of Starr County denying her any recovery as plaintiff below. Plaintiff sought judgment against M. G. Olivares, a brother of her first husband, Jose Olivares, deceased, for the balance of the proceeds of a policy of insurance upon the life of her deceased husband in the Woodmen of the World Life Insurance Society. The proceeds of this policy were obtained from her by the defendant upon representations that he was the owner thereof. Trial was to a jury and upon answers to special issues the trial court entered judgment in favor of the defendant that the plaintiff take nothing and denying the defendant any recovery on his cross-action. The proceeds of the policy of insurance amounted to the sum of $1,026.62. Plaintiff had previously received the sum of $200 and was seeking recovery of the balance amounting to $826.62.

The material facts in the case are undisputed and the issue in the case resolves itself down to the one question, whether or not under all the facts and circumstances plaintiff or defendant is entitled to the proceeds of this insurance policy.

The policy when originally taken out named George Olivares (now deceased), father of Jose Olivares, and M. J. Olivares as beneficiary. Afterwards George Olivares died and, under the terms of the policy and the constitution and by-laws of the Insurance Society, plaintiff became the beneficiary. Thereafter Jose and M. G. Olivares entered into an agreement whereby M. G. was to pay all premiums and receive all benefits of the policy, but the necessary steps were not taken to perfect a change of beneficiary. Plaintiff, Maria Olivares de Davila, knew nothing of this agreement and did not consent there-

to. When Jose Olivares died the Insurance Society issued a check in the sum of $1,026.62 payable to Maria Olivares. M. G. Olivares brought this check to Maria and asked her to sign it so that he might collect the proceeds of the policy, telling her for the first time of the agreement between him and her deceased husband. Maria at first protested but finally signed. M. G. agreed to let her have $200 out of such proceeds to take care of the expenses of the last sickness and burial of her husband. Later when the check cleared he paid her this $200.

Appellee contends that he is entitled to the proceeds from this policy by reason of a parol trust. The policy was originally taken out for the benefit of the father, George Olivares. M. G. paid all of the premiums from the beginning. He agreed to pay all the expenses of his father's last sickness and burial. He also agreed to take care of their step-mother, who was very old, and in consideration of these things he was to get the proceeds of this policy. But, as stated above, appellant knew nothing of this agreement between the two brothers.

The beneficiary in the policy could not be changed except by written request to the Society, which was admittedly not attempted. This case is controlled by Garabrant v. Burns, 130 Tex. 518, 111 S.W.2d 1100, where it is held in effect that regardless of what may have been the intention of the insured and other parties, where there has not been a change of beneficiary in the manner required by the policy and the constitution and by-laws of the Society, the named beneficiary (or, as here, the beneficiary created by operation of law) is entitled to the proceeds of the policy.

Appellee contends, however, that here we have a parol trust and that no parol trust was involved in the Garabrant-Burns case. The effect of that holding cannot be circumvented simply by calling the agreement between the insured and his brother a parol trust engrafted upon the policy.

The beneficiary could not be deprived of the proceeds of the policy by a so-called trust agreement that she had not consented to, and of which she never heard until after her husband's death. There are authorities holding that a trust such as is contended for here by appellee can be created with the consent of the beneficiary, but we have found no authority holding that such a trust can be created without the consent of the beneficiary. See Legrande v. Legrande, 178 S.C. 230, 182 S.E. 432, 102 A.L.R. 582.

It would be against public policy to have the law otherwise. The very salutary rule laid down in Garabrant v. Burns, supra, would be set at naught. It would be just as difficult for a beneficiary after the death of the insured to combat a contention that a trust had been created as to show there had not been an oral change of beneficiary, or a change in some other manner not authorized by the policy or the constitution and bylaws of the Society.

The judgment of the trial court will be reversed and judgment here rendered for plaintiff as sued for, together with her costs in this and the court below.

Reversed and rendered.